## CAIN *vs.* PENIX.

[EJECTMENT.]

1. *Charge invading province of jury.*—A charge which instructs the jury, that if they believe the testimony of one witness they must find for the plaintiff, but if they believe the testimony of another they must find for the defendant, assumes that there is an irreconcilable conflict in the testimony of the two witnesses, and is therefore an invasion of the province of the jury.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JOHN E. MOORE.

THIS action was brought by William L. Cain against John Penix; and the bill of exceptions shows the following facts: "The plaintiff gave in evidence, on the trial, a deed from one Hooper to himself for the land in controversy, and also proved the existence and loss of a deed from the sheriff of Cherokee county to said Hooper for said land, and that said land had been levied on and sold as the property of one Crawford, under an order of sale from the circuit court of said county; which order of sale, and the decree of the court

under which it was issued, were also produced in evidence. On the part of the defendant, it was proved, that Hooper, previous to the execution of said deed to plaintiff, had executed a deed to said Crawford, under the following facts: Hooper swore, that he made the deed to Crawford upon the proposition of one Lay, as the agent of Crawford, to purchase said land; and that he gave the deed to Lay, to be delivered to Crawford if he paid the consideration money. Lay swore, that he received the deed from Hooper; that it was agreed between Hooper and himself, that he would either return the deed, or would pay him the money; that Hooper subsequently informed him, (he having in the meantime delivered the deed to Crawford,) that Crawford had run away without paying the money; that Lay then said, 'You have got me for the money,' and offered to pay it, and that Hooper said he would not receive it from him. It was in proof, also, that Hooper had notified Penix that he had executed a deed to Cain for the said land upon valuable consideration; but Penix purchased from Hooper's son a justice's judgment against Crawford, (which, with an order of sale subsequent to that under which plaintiff claimed, was in evidence,) and had the land levied on and sold, and became the purchaser."

"On these facts," the court refused several charges which were asked by the plaintiff, and instructed the jury as follows: "That if they believed the testimony of Hooper, they should find for the plaintiff; but, if they believed the statements of Lay, they must find for the defendant, inasmuch as Crawford became invested with the title to the land the moment Lay delivered the deed to him, and the land was then subject to be sold as Crawford's." The plaintiff excepted to this charge, and he now assigns it as error.

D. W. BAINE, for the appellant.
JAMES B. MARTIN, *contra.*

RICE, C. J.—The charge of the court below assumes that there is an irreconcilable conflict between the testimony of the two witnesses, Hooper and Lay. In making this assumption, the court went beyond the limits assigned to it by the law, and invaded the province of the jury. Even if the tes-

376            ALABAMA.

timony of these witnesses was apparently at variance, (as to which we say nothing,) it was clearly for *the jury* to consider and determine whether their testimony was not in reality reconcilable, and whether there was any extrinsic reason disclosed by the evidence in the cause, for suspecting such willful and corrupt error or fraud in either of those witnesses, as to destroy his credit altogether.—1 Starkie on Ev, 515, § 81; Moore v. Jones, 13 Ala. R. 296; Hitt v. Rush, 22 Ala. R. 563.

If the court below had properly referred to the jury the credit of these witnesses, and the reconcilableness and effect of their testimony, we cannot say that the result of the case would not have been different. There was nothing in the case to warrant the court in making it turn entirely on the question whether the jury believed the *whole* of the testimony of the one or the other of these witnesses.—As to *escrow*, see Firemen's Ins. Co. v. McMillan, at this term; Lovett v. Adams, 3 Wend. R. 380.

As the proceedings under which the land was sold by the sheriff are not set forth, we decline to consider the questions supposed by the counsel to arise out of such sale. And without deciding any other question, we hold the charge of the court below erroneous for the reasons above stated; and for that error, we reverse its judgment, and remand the cause.