# Hill *v.* Townsend and Eubanks.

*Statutory Action for the Recovery of Chattels in Specie.*

1. *Contract; construction of.*—Where in a contract of sale of personal property consisting of a steam saw and grist mill, with certain appurtenances, it was provided that the purchase-money should be paid in installments, and that upon default in the payment of any one of the installments, the purchaser should forfeit all former payments made by him, and, on the demand of the seller, should "give into his possession the mill with all the additions threto, in good running order, with all obtained from him," the words "additions thereto," as used in the contract, do not embrace detached articles of personal property purchased to aid in operating the mill, such as oxen, carts, etc., but only such personal property as was in fact added to the mill.

2. *Charge of the court where the evidence is conflicting.*—Where the evi- ·dence in a cause is conflicting, and the case is presented to the jury in two variant phases, each party is justified in having the jury instructed as to the law, as it would arise if his hypothesis were the true one. The

[Hill v. Townsend and Eubanks.]

·charge, however, must properly refer to the jury the finding of the facts, and the application of the law must be made contingent on the ascertainment of the facts embraced in the hypothesis.

3.  *Parol contract of sale of personal property valid.*—A parol contract ·of sale of personal property is valid.

4.  *Forfeiture in contract of purchase of personal property does not exist, unless specially provided for.*—The law does not favor a forfeiture in a ·contract of purchase of personal property, by which a party to the contract loses the benefit of all payments he has made thereon, and also all interest in the property, upon his failure to pay any one of a series of installments of the purchase-money; and to authorize or sustain such a ·claim of forfeiture, it must be specially provided for by the contract.

5.  *Waiver of forfeiture in contract of sale of personal property.*—A forfeiture contained in a contract of sale of personal property, on default in payment of any one of several installments of the purchase-money, is waived, when the seller, after such default, enters into a new contract of sale with the original purchaser and others, and receives from them payment of all the installments then due from the original purchaser.

6.  *Same.*—But a waiver of one or more of such forfeitures or defaults, is not a circumstance tending to show a waiver of subsequent defaults, ·or forfeitures based thereon; and a charge instructing the jury, that if four such forfeitures occur in succession, and the seller fails to claim and enforce either of them, then they may look to these facts, in connection with all the other evidence, for the purpose of determining whether he had waived the subsequent forfeitures, is erroneous.

7.  *Charge of the court; when error without injury.*—A charge which refers to the jury the construction of a written contract, is without injury to the appellant, when the court should have construed such contract against the views maintained by him.

8.  *When breach of contract by the seller of personal property will prevent a recovery based on a forfeiture.*—Where the plaintiff in an action for the recovery of chattels in specie, consisting of a steam saw and grist mill ·and appurtenances, claims under a forfeiture contained in a contract of ·sale made by him, as seller, with the defendants, as purchasers, and based on a default in payment of part of·the purchase-money, and it is ·shown that, in violation of a clause in the contract, he failed to furnish the purchasers with certain timber privileges, he can not recover.

APPEAL from the City Court of Montgomery.

Tried before Hon. J. A. MINNIS.

This was an action of detinue, brought, under the Code, by John A. Hill against James B. Townsend and John W. Eubanks, to recover a steam saw and grist mill and other personal property, and was commenced on the 20th of April, 1880.　The defendants pleaded the general issue, and upon an issue thus made the cause was tried, and resulted in a verdict and judgment for the defendants.　The evidence introduced on the trial is sufficiently stated in the opinion.

The City Court, at the request of the defendants, gave to the jury the following charges: 3. "That this is not a suit in which the plaintiff can recover all or any of the property sued for, by ·evidence which only shows that the defendants bought the property, or some part of it, from the plaintiff, and that they owe the plaintiff a balance for all or some part of the property sued ·for; but it is a suit in which, to entitle the plaintiff to recover

[Hill v. Townsend and Eubanks.]

any or all the property sued for, the evidence must show, to the satisfaction of the jury, that the plaintiff, at the time the suit was commenced, upon all the evidence in this case, was entitled to the possession of all, or some part of the property sued for." 4. "That if the jury believe from all the evidence in this case, that the defendants and one Jasper Dillard, in the month of August, in the year 1879, purchased property of the plaintiff on a credit, to be paid for by the 1st day of December, in the year 1880, in monthly payments of about 7,000 feet of lumber, or at the rate of $7.50 for each 1,000 feet of lumber, and then paid on said monthly payments up to the 1st day of December, 1879; that said contract was not in writing; that said contract was not reduced to writing by the fault of the plaintiff, and without the fault of the defendants; that said contract has not been further performed by the defendants on account of the fault of the plaintiff in not performing his part of the contract, then the jury must find for the defendants." (Charge numbered 5 contains substantially the same instructions as are contained in charge numbered 4, and need not be set out.) 7. "That if the jury believe from the evidence that the oxen, log-carts, wagon and blacksmith tools, in the complaint described, were not sold by the plaintiff to the defendants, but were purchased and acquired by the defendants from others, and that said oxen, log-carts, wagon and blacksmith tools were not additions to the steam saw and grist mill and appurtenances mentioned in the written contract, of date December 1st, in the year 1878, in evidence, within the meaning and intention of the parties to said contract, in the making of said contract, and as modified, if modified, by what occurred between the plaintiff and the defendants, and one Jasper Dillard, on or about the 19th day of August, in the year 1879, then, as to said log-carts, wagon, blacksmith tools and oxen, the jury must find for the defendants." 8. "That a sale and purchase of personal property is as valid in law, if made without writing, as if made with writing; and the property involved in the transaction between the plaintiff and the defendants and Dillard, in August, 1879, as shown by the evidence, was personal property." 10. "The law does not favor a forfeiture of a contract by which a party to that contract loses the benefit of all payments he has made upon the contract in the purchase of property, and also loses all interest in the property by such forfeiture, when such forfeiture is claimed upon the failure of such party to pay any one of a series of installments for the purchase-money of such property; and to authorize or sustain such a claim of forfeiture, it must be provided for by the contract as made between the parties." 11. "When a contract is made between parties, by which personal property is sold and purchased, to be paid for in monthly installments, the contract

[Hill v. Townsend and Eubanks.]

to be forfeited, and the property to belong to the seller upon the failure of the purchaser to pay any one of said installments, the *purchaser* may waive such forfeiture by failing to claim and enforce the forfeiture, and if four such forfeitures occur in succession, and the *purchaser* fails to claim and enforce either of said forfeitures, the jury may look at these facts and circumstances, in connection with all the other evidence in this case, for the purpose of arriving at a verdict, and of determining whether the plaintiff had waived all of said forfeitures at the time this suit was commenced; and if the jury further find that the plaintiff had waived every forfeiture, if any such existed, before the commencement of this suit, and that there was no forfeiture, or default of payment of any monthly installment, which had not been waived by the plaintiff at the time of the commencement of this suit, then the jury must find for the defendants." 12. "A man may always waive a condition in his own favor, and dispense with its performance, and this is also true of the forfeiture claimed by the plaintiff in this cause; and if the jury find from all the evidence, that the plaintiff had waived all the forfeitures for the non-payment of monthly installments at this time, then the jury must find for the defendants." To the giving of each of these charges the plaintiff excepted.

The plaintiff asked the following charges in writing, which the court refused to give, and the plaintiff separately excepted, to-wit: 1. "If the jury believe from the evidence, that the oxen, wood-wagon, log-carts, and blacksmith tools were necessary to the running of the mill, and were necessary to the mill, then the jury must consider the said oxen, wood-wagon, log-cart and blacksmith tools as 'additions' to said mill; and the plaintiff would be entitled to a verdict for such oxen, wood-wagon, log-carts and blacksmith tools, as well as for the other property appertaining to said mill." 2. "That if the parties made a new contract, by which Dillard, Townsend and Eubanks were to make monthly payments of lumber, and the parties failed to make the payments as stipulated, then Hill had a right, on such failure, to claim his property, and put an end to the contract, although nothing may have been said about it in the contract."

The giving of the charges asked by the defendants, and the refusal to give the charges asked by the plaintiff, are assigned as error.

WATTS & SONS, for appellant.

G. W. TOWNSEND, and BRAGG & THORINGTON, *contra.*

STONE, J.—John A. Hill, the appellant, on 1st December,

[Hill v. Townsend and Eubanks.]

1878, contracted in writing with Jasper Dillard to sell him a steam saw and grist mill, known as the Allen mill, with certain appurtenances—all being personal property. Dillard was to pay for the property $1275 in lumber at seventy-five cents per hundred, in monthly installments, running through two years; being about 7,000 feet of lumber per month. The writing contains this clause : " If any one of these payments fails to be met promptly, then I, Jasper Dillard, forfeit all former payments that may have been made to said Hill, and on his demand, bind myself to give into his possession the mill with all the additions thereto, in good running [order], with all obtained from him." The written contract by some means became mutilated, and some of its provisions can not be learned. There is a failure of proof as to what they were. There is testimony tending to show that Townsend was interested with Dillard in making the purchase, though his name does not appear in the writings. The testimony was in conflict, whether Hill, when he made the sale, knew that Townsend was interested with Dillard in making the purchase. From the time of the purchase, the business was conducted by Dillard and Townsend jointly.

In August, 1879, Dillard and Townsend had made some payments of the purchase-money, but were in arrears several monthly installments, probably as many as three or four. Hill had not, and did not then claim the forfeiture provided for in the written contract with Dillard. A renewed contract was then entered into between Hill, the seller, and Townsend and Dillard, and one Eubanks, as purchasers. The terms of this contract were agreed on, August 19th, and were to be executed in writing on the 20th. Hill, the seller, did not attend at the designated place on the 20th, but subsequently presented a writing, claimed by him to express the terms of the contract, but which the purchasers refused to sign, on the alleged ground that it did not truly express the agreed terms. No writing was ever signed, expressing the terms of the contract of August 19th, 1879. The price and installments of the second contract were the same as those of the first; that is, the entire payment was to be completed December 1st, 1880. One of the terms of the agreement of August, 1879, was, that Eubanks was to pay Hill 35,000 feet of the lumber promised; which payment he made. This paid all installments to mature up to December 1st, 1879. The business was carried on by Townsend, Dillard and Eubanks, until Dillard sold out to his associates. It was then conducted in the names of Townsend and Eubanks, until this suit was brought in April, 1880. No payments were made of the purchase-money, after the payment made by Eubanks when he came in. This action for the recovery of chattels in specie, was brought upon an alleged forfeiture, under

the terms of the contract. There is irreconcilable conflict in the testimony as to what were the terms of the contract made in August, when Eubanks became part purchaser, and Townsend became a recognized purchaser. The points of difference are as follows: Hill contended that it was part of the agreement that it should contain the forfeiture clause copied above, and he so framed the contract; that is, "If any one of these payments fails to be met," etc. Another clause inserted in the writing was, that the mill should not be removed from the place where it was then situated. The defendants denied that either of these clauses was in the agreement made; and there was testimony tending to show that Townsend was ignorant that the forfeiture clause was in the contract of December, 1878, until April, 1879, and that he objected to it. The insertion of the two clauses stated above were the reasons assigned by the purchasers for refusing to execute the written contract presented by Hill. The purchasers also gave testimony to show that it was one of the terms of the contract of August, 1879, that they were to have certain timber privileges on lands near the mill, and that they failed to obtain this right and privilege, because Hill had previously disposed of it to another. So, Hill's right of action was necessarily based on the assertion that the contract of August, 1879, contained a forfeiture stipulation similar to that in the contract of December, 1878, and that defendants had incurred the forfeiture by defaults in paying installments. The defense took different forms: First, that there was no forfeiture clause in the contract of August, 1879; second, if there was such forfeiture clause, Hill had waived it; third, that Hill had violated his part of the contract, in this, that he had put it out of his power to furnish, and failed to furnish to the purchasers the timber privileges he had contracted to furnish them.

When the contract of purchase was made, December 1st, 1878, the property purchased consisted of a saw and grist mill, six belts, some blacksmith's tools, one burned saw mill, two blue kuln stones, two pair mill rocks, lying outside of the mill, a lot of old irons, a cast iron roller, cast tires, and two boilers. There was afterwards added, or put at the mill by the defendants, two pairs of oxen, two log-carts, one wood-wagon and gearing frame and hopper. The suit was for all the articles enumerated; those afterwards purchased, as well as those on hand when the first contract of sale was agreed on. All the exceptions taken and errors assigned, are based on the charges given and refused.

We can not agree that articles purchased to aid in operating the mill can be classed as "additions thereto," unless they were in fact added to the mill. The language of the written con-

[Hill v. Townsend and Eubanks.]

tractf forbids this interpretation. The promise is, in the contingency provided for, "to give into his [Hill's] possession the mill *with all the additions thereto.*" Additions to what? Certainly to the mill. And these were to be delivered "in good running order." Now, it would be a strange use of language, if the intention was to embrace oxen, carts and a wagon. A stipulation that they should be *in good running order*, would certainly be unusual. But the argument is stronger than this. There is the superadded clause, "with all obtained from him." Why add this clause, if the "mill with all the additions thereto" included detached personal property, employed as agencies in operating the mill. If oxen and carts are additions, why are not all the other articles purchased from Hill equally parts of the mill?

Another preliminary remark. The testimony given for defendants tends to show that one of the stipulations of the contract of August, 1879, was, that the purchasers were to have certain timber privileges, which they failed to obtain. If this be true, then there was a breach of the contract by Hill. True, that may not have been a term of the contract, or there may have been no breach of it. Still, it serves to show the case was presented to the jury in two very variant phases. This presented a question for decision by the jury, and it could not be known or affirmed which phase they would find to be the true one. In such case, each party is justified in having the jury instructed as to the law, as it would arise if his hypothesis be the true one. Of course, such charge must properly refer to the jury the finding of the facts, and the application of the law must be made contingent on the ascertainment of the facts embraced in the hypothesis.—1 Brick. Dig. 336 to 339, §§ 15, 42, 49, 51, 54.

The City Court committed no error in giving charges numbered 3, 8, 10 and 12. They assert plain principles of law. Charges 4 and 5 are substantially alike. The contract of August contained the term that Hill was to furnish the purchasers certain timber privileges, and if he failed to do so, then he had violated his contract, and he should not recover. The charges given were justified by one phase of the testimony, and the court did not err in giving them. If they were too general, obscure, or had a tendency to mislead, the party objecting should have asked a more specific or explanatory charge.—1 Brick. Dig. 336, § 10. What we have said above shows that the court did not err in giving charge 7. Even if that charge be obnoxious to the criticism, that it referred it to the jury to construe a *written contract*, this did the appellant no injury. The court should have construed the instrument against the views of the appellant, and the jury could have done nothing more.—1 Brick. Dig. 387, §§ 26, 27.

[Hill v. Townsend and Eubanks.]

The bill of exceptions asserts that it contains substantially all the evidence, and that on this evidence the charge of the court was given. The testimony shows the purchasers committed some defaults in the payment of installments, before August, 1879. All these defaults and forfeitures were waived by Hill, when he agreed to the terms of the contract of August, 1879, and received from Eubanks payment of all past due installments. He also, according to the testimony, received payment of all installments to mature up to December, 1879. There could, therefore, be no default or forfeiture until after that time. No payments were made after the August payment by Eubanks. This suit was commenced, April 20th, 1880, when there had been a failure to pay some four monthly installments. One of the three forms in which the defense was attempted to be made, was that Hill had waived these alleged grounds of forfeiture. The only evidence of waiver is what is shown above. As we understand charge 11, it instructed the jury that they might look to the waiver of these former grounds of forfeiture as a circumstance to be weighed in determining whether there had not been a waiver as to all the grounds. The charge as found in the record is worse than this. It asserts that the *purchaser* could waive these forfeitures—and states "if four such forfeitures, etc., occur in succession, and the *purchaser* fails to claim and enforce either of said forfeitures," then the jury may look at these facts in connection with all the other evidence, for the purpose of determining whether the plaintiff had waived all of said forfeitures. We attempt to give the substance, not the entire language of the charge. The insertion of the word purchaser, when it should have been seller, may be an error in copying. But if the word seller was substituted, the charge can not be maintained. The waiver of one or more forfeitures or defaults is not a circumstance tending to show a waiver of later defaults. Most well disposed persons would be disinclined to resort to harsh or extreme measures on a first default. There might be excusing or palliating circumstances, and humane vendors would feel inclined to give to purchasers another trial. To convert such indulgence or forbearance into an instrument of offense, would be to attach a penalty to what is usually an instinct of kindness, or an aversion to a hasty resort to legal remedies.—1 Brick. Dig. 396, §§ 274–5. In this single ruling the City Court erred.

The charges asked by plaintiff were rightly refused. The law will not imply conditions in such contracts, and make them grounds of forfeiture. They must be expressed.—2 Pars. on Contracts, Ed. of 1864, 526.

Reversed and remanded.