# Perry *v.* The State.

*Indictment for Resisting Officer.*

1. *Amendment of complaint, on appeal from County Court.*—A statement of the cause of complaint prepared by the solicitor, on appeal from the County Court, is amendable, if a new and different case is not thus introduced.

2. *Charge to jury; when properly refused.*—A charge which refers the jury to the evidence for one of the parties only, or which assumes an irreconcilable conflict between witnesses, or which makes guilt or innocence depend on what one or more witnesses swear, and not on the whole evidence, is properly refused.

3. *Same; when should be given.*—A charge asserting correct legal propositions, founded on facts hypothetically stated which there is evidence tending to prove, and making the application of the law dependent on the whole evidence, is free from objection.

4. *Same.*—Where the evidence presents two variant phases of a case, either party has the right to have the jury instructed on his hypothesis ; and a charge that, "if the jury believe the statement as what Mrs. C. would swear," referring to an admission in writing as to what an absent witness would testify, makes the statement a part of the instruction, instead of stating the hypothetical facts, and is improperly refused ; but this court condemns such charges, and will not extend the rule.

APPEAL from Jefferson Circuit Court.

[Perry v. The State.]

Tried before the Hon. S. H. SPROTT.

This was a prosecution, commenced by affidavit, before B. M. Allen, a justice of the peace, charging the defendant with opposing or resisting one Brock, a constable, in the execution of a writ of seizure in a detinue case, issued by said Allen. The case was made returnable to the County Court of Jefferson, where the defendant was tried and convicted. He appealed to the Circuit Court.

The complaint filed by the solicitor in the Circuit Court originally stated the name of the plaintiff in the detinue suit as "Mrs. Sol. Lacey." After plea of not guilty by the defendant, the State was permitted, against his objection and exception, to amend the complaint, by striking out the name of Mrs. Sol. Lacey, and inserting in lieu thereof the name of Mrs. Sue Lacey. After the evidence of the State was all in, the court again permitted the solicitor to amend, by striking out Mrs. Sue Lacey, and inserting Mrs. Susan Lacey, as the plaintiff in the detinue suit, and defendant excepted.

Brock, the constable, testified that he went to the house of defendant, having in his possession at that time a writ of seizure in a detinue suit, issued by Allen, a justice of the peace, in which Mrs. Susan or Sue Lacey was plaintiff, and appellant was defendant ; that he met defendant there, and stated to him that he had a writ of seizure, which required him to take certain furniture into his possession, and started to read the writ : that defendant told him that he need not read the writ—that he knew what it was ; that the furniture was then in his house, and that neither said Brock nor any other damned officer could get it ; that defendant refused to permit Brock, who was at the time constable of precinct No. 21, in said county, and acting as such, to take said furniture into his possession ; that he left without taking possession of the furniture ; that afterwards, in the absence of defendant, he went to his house, and took the furniture under the writ. The witness also testified, that at the time of his first visit to defendant's house, there was a lady present, who was near enough to have heard all that occurred between them. There was other evidence for the State, which need not be set out. The defendant introduced a written statement which the State admitted Mrs. Crawford, if present, would swear to. This statement was substantially as follows : that she was present at the time the witness Brock came to defendant's house ; that there were then present also the defendant and his wife ; that at that time said Brock read to defendant the summons for him to appear as a defendant in the court of B. M. Allen, Esq., in a suit that had been brought against him by Mrs. Susan Lacey, for some furniture ; that at that time said Brock did not demand of defendant the furniture,

nor attempt in any way to levy a writ on said furniture, or to take said furniture into his possession ; that Brock did not then ask for the furniture, or say that he had any writ for it ; that afterwards Brock came to defendant's house, when he was absent, and got the furniture ; that when Brock first came to the house, and summoned defendant to appear as a defendant in said, suit, all that defendant said to Brock was, "Very well, I'll be there, Mr. Brock ;" that he did not curse said Brock, nor refuse to deliver to him any furniture, and that the time first mentioned above is the time Brock swore in the County Court that defendant resisted him in the execution of a detinue writ for the furniture. The defendant then made a statement as to the facts in his own behalf,· but not under oath, which was substantially the same as Mrs. Crawford's.

This was, substantially, all the evidence for the defendant; and he thereupon requested the court to give the following written charge, which the court refused to give, and he excepted: "If the jury believe that the statement as to what Mrs. Crawford would swear is a true and correct account of what occurred, and all that occurred, at the time the constable Brock first went to defendant's house with the detinue writ, then it would be the duty of the jury to acquit the defendant."

The allowance of the amendments, and the refusal to charge as requested, are now assigned as error.

HEWITT, WALKER & PORTER, for appellant.—(1.) The allowance of the amendments to the complaint was error. The Circuit Court, in trying appeals from the County Court, is governed by the same rules as to practice as if the case had originated in that court. Code, § 4730. Prosecutions in the Circuit Court can only be commenced by indictment, which can not be amended except by the consent of the defendant. Code, § 4816. The amendments were not made under section 4722 of the Code, because that applies only to proceedings in the County Court. (2.) The charge requested should have been given. Two versions of the circumstances of the case were given, one of which, if believed, established the guilt of the accused, and the other his innocence. The court had no right, by refusing the charge, to affirm that the State's version was the true one.

T. N. McCLELLAN, Attorney-General, contra.—(1.) The amendments were properly allowed.—Tatum v. State, 66 Ala. 466. (2.) The charge requested was properly refused, because the guilt of the accused depended on whether the jury believed one of several witnesses, instead of leaving them to reach their

[Perry v. The State.]

verdict on all the evidence.—*Carter v. State*, 33 Ala. 429; *Dill v. State*, 25 Ala. 15; 29 Ala. 374.

CLOPTON, J.—Whether the statement of the cause of complaint in the Circuit Court, which is prepared by the solicitor on appeal from the County Court, is amendable, was fully considered in *Tatum v. State*, 66 Ala. 465; and it was held, that it was capable of amendment, if a new and different case was not introduced. A re-consideration of the question is unnecessary.

The defendant read in evidence a statement of facts, to which the State admitted Mrs. Crawford, an absent witness, would testify, if present. Between this statement and the evidence of the constable there is a conflict, as to what occurred at the time it is alleged the offense was committed. The defendant made a statement, but Mrs. Crawford and the constable were the only witnesses as to the facts. The defendant requested the court to instruct the jury as follows: "If the jury believe that the statement, as to what Mrs. Crawford would swear, is a true and correct account of what occurred, and all that occurred, at the time the constable Brock first went to the defendant's house with the detinue writ, then it would be the duty of the jury to acquit the defendant." A charge is properly refused, which refers the jury to the testimony on behalf of one of the parties only, when witnesses are examined by both parties; or which assumes there is an irreconcilable conflict between the testimony of the witnesses; or which makes the guilt or innocence of the accused depend on what one or more witnesses *prove*, instead of on the facts as found upon the whole evidence.—*Dill v. State*, 25 Ala. 15; *Cain v. Penix*, 29 Ala. 374; *Carter v. State*, 33 Ala. 429. We do not consider the charge obnoxious to either of these charges. Where the evidence presents two variant phases of the case, either party has the right to have the jury instructed as to the law arising on his hypothesis of the case; and a charge is unobjectionable, which asserts a correct legal proposition founded on the hypothetical facts, which there is evidence tending to prove, and makes the application of the law dependent on their ascertainment by the jury from the whole evidence.—*Hill v. Townsend*, 69 Ala. 286. The charge requested refers to the statement as setting forth the defendant's phase of the case, and makes it a part of the instruction, instead of reciting therein the hypothetical facts at length. The expression—"*the statement as to what Mrs. Crawford would swear*"—was used to identify the particular statement made a part of the charge. Its effect is not to make the innocence of the defendant dependent on what Mrs. Crawford *proved*, but on the ascertain-

ment by the jury that the facts set forth in the statement are true and correct, and all that occurred. Neither does the charge withdraw the other evidence from the consideration of the jury. It is manifest, if the facts are as set forth in the statement, the defendant is not guilty.

We deem it proper to remark, that we regard such charges as objectionable, though the one under consideration is not sufficiently so to authorize its refusal. The better practice is to recite in the charge the facts on which the legal proposition is founded. Had not the statement been in writing, and before the jury, we would have held, that the charge was properly refused; and do not mean to extend the rule.

Reversed and remanded. Defendant will remain in custody until discharged by due course of law.