# Gandy *v*. The State.

*Enticing Servant or Minor from Employment.*

1. *Sufficiency of complaint ; amendable defects.*—In a prosecution for enticing away a servant or minor child (Code, § 4325, Acts 1880–1, p. 42), the complaint in this case is wanting in that certainty of description which is necessary to constitute a formal accusation of crime, and is demurrable; but, being amendable, by analogy to prosecutions in the County Court (Code, § 4722), the defect is not available in this court, unless duly objected to in the court below.
2. *In case of minor child, no express contract necessary.*—Where the relation of parent and minor child exists, no written or express contract of employment is necessary to sustain a prosecution for enticing away the child.
3. *A State's witness subsequently made defendant's witness, when not impeachable by defendant*—When a witness for the State is afterwards introduced as his own witness by the defendant, the defendant can not lay a predicate for the purpose of impeaching the witness, by proving contradictory statements previously made by the witness as to matters which the State had brought out on examination of the witness, but as to which defendant had not examined the witness.

APPEAL from Greene Criminal Court.
Tried before the Hon. H. M. JUDGE.

[Gandy v. The State.]

The prosecution in this case was commenced by the following complaint before a justice of the peace: "Personally appeared Rufus Gordon, who being duly sworn, deposes and says, that on or about the 20th day of September, 1886, in said State and county, *the offense of persuading my daughter (Belle) from my employment* and at night, and also taking her to his home and secreting her to prevent me from securing and taking her back to my employ, and he has forbidden me from coming in his house, and threatening to shoot me or any white man, was, in the opinion of complainant, committed, and that Lazarus Gandy is guilty thereof."

On this complaint the defendant was held to answer before, and was tried by the Criminal Court of Greene county.

In the course of the trial, as appears from the bill of exceptions, the said Belle, who was alleged to have been persuaded from the employment of her father, was introduced as a witness by the State, and her testimony tended to show that the defendant enticed her to leave the home and employment of her father, said Rufus Gordon, as charged in the complaint. In the further progress of the trial, the defendant introduced said Belle as a witness in his behalf, and asked her if her father had not treated her cruelly, and, if that was not the reason she left. To which she answered, that her father had not treated her amiss and she left for the reasons above stated by her. The witness was not examined by the defendant as to any other matter. When the defendant called the witness, Belle, to the stand, he was asked if he proposed to make her his witness; to which he replied that he did. The defendant, after asking the witness the above question, offered to lay a predicate for impeaching her by proving a contradictory statement by her as to the fact of the defendant's enticing her away, and for this purpose, asked her if she had not, at a specified time and place, said to Wm. Gandy that defendant did not entice her away from her father and had nothing to do with her leaving. This was objected to by the State, on the ground that the defendant had expressly made the said Belle his own witness, and that he could not impeach his own witness. The defendant contended that, as the State had first introduced said Belle, he could impeach her as to matters which the State had brought out, and as to which defendant had not examined her. The court sustained the State's objection, and the defendant excepted.

There was evidence on the part of the State, which was uncontradicted, that said Belle was the daughter of said Rufus Gordon, and at the time she left said Rufus and was alleged to have been enticed away by defendant, was a

[Gandy v. The State.]

minor, nineteen years of age, and was living with said Rufus as a member of his family and rendering valuable services to him as his child, but not under any express contract of employment. There was also evidence beside that of said Belle above stated, tending to show, that while she was living with and working for said Rufus in September, 1886, in Greene county, the defendant did entice said Belle to leave the home and employment of said Rufus and go to the house of defendant; and there was evidence on the part of the defendant tending to show the contrary.

The foregoing being substantially all the evidence in the case, the defendant requested, in writing, the following charges:

1. "If the jury believe the evidence in this case, they must find the defendant not guilty."

2. "If the jury find that the girl, Belle, was about 19 years of age at the time she was induced to leave her father, if she was induced so to leave, and was *under no contract* of employment with her father, but was simply in his custody as father and rendering him services as his minor child, then there can be no conviction in this case."

3. "In order to a conviction in this case, there must have been a contract between the master and servant by which the servant was legally bound to render services to the master, and this contract must be by agreement of the master and servant as distinguished from the legal duty of the child to render services to its parent."

The court refused each of these charges, and the defendant excepted to each refusal.

The State then requested the following charge in writing:

"The law implies the contract by which the parent or father is entitled to the services of the child, unmarried and under 21 years of age, and living with him." Which charge the court gave and the defendant excepted.

J. B. HEAD, for appellant.

T. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The defendant was tried in the court below, a tribunal having a concurrent jurisdiction with the Circuit Court of all misdemeanors, and was convicted of violating section 4325 of the present Code, as amended by the act of February 15th, 1881 (Acts 1880–81, p. 42), having reference to the offense of enticing away servants from their employment under certain circumstances specified in the statute.

[Gandy v. The State.]

The prosecution was commenced by a complaint before a justice of the peace, and the defendant was held to answer before the Criminal Court of the county of Greene, which mode of procedure seems to have been authorized by the act organizing this court.—Acts 1884-5, p. 275, § 9. The affidavit, or complaint, charges, in general terms, that the defendant has committed the offense of "persuading" the affiant's daughter from his employment. It is very apparent that the complaint is wanting in that certainty of description which is necessary to constitute a formal accusation of crime, and would have been demurrable on this ground. But the record fails to show that any objection was taken to it, and the defendant thereby waived all amendable defects. Such a complaint, like an information at common law, but unlike an indictment, is amendable at the instance of the State, and without the consent, or even against the objection of the defendant, requiring, perhaps, in some cases, a re-verification by affidavit; but a new and different case can not be introduced, without the institution of a new prosecution.—*Tatum v. State*, 66 Ala. 465; *Perry v. State*, 78 Ala. 22; 1 Bish. on Criminal Proc. (3d Ed.), §§ 714-5, 721. If the complaint had been objected to, it might have been amended by alleging that the enticing was knowingly done, and either that the party enticed was a *minor*, or else that she had contracted *in writing* to serve the affiant.—Acts 1880-1, p. 42.

We hold that, in a case like this, where the defendant has failed to object to any amendable imperfection or inaccuracy in the description of the offense, but proceeds to trial on the merits, it is too late for him to raise such objection for the first time in this court on appeal. This is in harmony with the policy of our statutes governing the review of the proceedings in the county courts of this State, providing that "all amendable defects shall be regarded as amended, so as to present only the substantial inquiry of the guilt or innocence of the accused."— Code, 1876, § 4722.

2. The evidence tended to show that the defendant had enticed away or induced the prosecutor's daughter, who was a minor, to leave his service without his consent. The case, in our judgment, fell within the statute, which requires no written or even express contract of service where the relation of parent and of a minor child exists. A mere constructive service, as opposed to that of hired servant, is sufficient. The law implies that the service of the minor is lawfully due to the parent so long as the child remains in the family under the control of the parent.—2 Greenl. Ev. (14th Ed.), § 576. The court so ruled.

3. It was not permissible for the defendant to *lay the predicate*, as attempted by him, for *the avowed purpose of impeaching* the witness Belle Gordon by proving contradictory statements previously made by her. She was his witness for the time being, and could not be thus impeached. This case does not come within the rule that a party may sometimes show that a witness had previously stated facts in a different manner, so as to prove that he has been entrapped by the witness, or taken by surprise, through his contrivance, art, or deceit. The purpose in such a case is not to impeach the witness, although it may incidentally have such effect.—1 Greenl. Ev. (14th Ed.), § 444.—*Hemingway v. Garth*, 51 Ala. 530.

We find no error in the record, and the judgment is affirmed.