# Buckhalt *v.* City of Enterprise.

### *Violating Municipal Ordinance.*

(Decided June 4, 1912. 59 South. 226.)

1. *Municipal Corporations; Ordinance; Appeal; Record.*—Although it appears on the face of things that something has been omitted from the record, the court must, on appeal, from a judgment of conviction of a city ordinance construe and apply the ordinance as it appears in the record.

2. *Same.*—Where one was convicted in the mayor's court for violating a void ordinance, the city could not, over proper and timely objection proceed in the circuit court on a new affidavit seeking a conviction under a different ordinance, defining a different offense, since this would be equivalent to instituting a new cause of action which cannot be done, for the first time in the circuit court.

3. *Intoxicating Liquors; Ordinance; Construction.*—An ordinance punishing any person who engages in or carries on the business of a retail liquor dealer without a license, is not violated by a single sale, but it must appear that the accused engaged in or carried on such a business.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Charley Buckhalt was convicted of violating an ordinance of the city of Enterprise, prohibiting the business

of retail liquor dealing, and he appeals. Reversed and remanded.

O. C. DOSTER, and H. L. MARTIN, for appellant. The offense for which the defendant was proceeded against in the circuit court, was new and different from the one on which he was arrested and tried in the mayor's court, and the court erred in refusing defendant's motion to quash said last affidavit.—*Gandy v. The State,* 81 Ala. 71; 78 Ala. 25. There was a variance between the ordinance charged to have been violated and the ordinance introduced in evidence.—168 Ala. 195; 140 Ala. 136; 55 Ala. 64; 53 Ala. 493; 21 Ala. 577. No offense was charged by the affidavit.—*State v. Nix,* 165 Ala. 128; *Marks v. The State,* 159 Ala. 89. The affidavit was fatally defective.—*Koopman v. The State,* 61 Ala. 70; 71 Ala. 347; 89 Ala. 114.

No counsel marked for appellee.

PELHAM, J.—The affidavit on which the defendant was tried in the mayor's court charged that the defendant sold, gave away, or otherwise disposed of spirituous, vinous, or malt liquors in violation of an ordinance of the city. The ordinance the defendant was convicted of violating, in the mayor's court, designated as "Sec. One," passed December 1, 1910, was, after the conviction and on the trial in the circuit court, where the case was pending, admitted to be void. The city then filed an amended or new affidavit in the circuit court, seeking conviction of the violation of an entirely different ordinance. The ordinance the defendant was prosecuted for the violation of in the circuit court imposed a different punishment for a different offense than that for which the defendant was convicted in the mayor's court. The ordinance introduced in the trial in the circuit court was

passed in 1903, and as set out in the record in this case, is as follows: "Any person who shall engage in or carry on the business of a retail liquor dealer, or other intoxicating drinks, without first having taken out a license therefor, must, on conviction, be fined not less than ten or more than one hundred dollars." It would appear that something has probably been omitted from the ordinance as set out; but we can only construe and apply it as it appears in the record.

The defendant having been convicted in the mayor's court on an admittedly void ordinance, the city should not have been allowed, over the proper and timely objections of the defendant, to proceed in the circuit court on a new affidavit, for the avowed purpose of seeking a conviction under the provisions of an entirely different ordinance, for which a conviction of a different offense might be had. This was tantamount to bringing a new and different case and the institution of new prosecution under this process in the circuit court, which is not authorized.—*Gandy v. State,* 81 Ala. 68, 1 South. 35; *Perry v. State,* 78 Ala. 22; *Tatum v. State,* 66 Ala. 465; *Lewis v. State,* 160 Ala. 121, 49 South. 753; *John Wiggs v. State,* 5 Ala. App., 59 South. 516, and authorities there cited.

The new or amended affidavit on which the defendant was tried charged only a sale of prohibited liquors, and the mere proof of a sale would have met in every particular the charge made, and proof of the offense would be complete. The ordinance introduced did not correspond, and a conviction could not have been had under its provisions, without showing that the defendant had engaged in or carried on the business of a retail liquor dealer. Under authority of *Bouyer v. City of Enterprise, infra,* 58 South. 755, it was error to allow the introduction of the ordinance.

[McWhorter et al. v. Haigler Mercantile Co.]

It was not attempted to be shown that the defendant was engaged in or carried on the business of a retail dealer; and, under the ordinance as set out in the transcript, the court was in error for refusing the general charge requested by the defendant.

Reversed and remanded.