### McBRIDE v. STATE. (1 Div. 484.)

(Court of Appeals of Alabama. Nov. 27, 1923.)

I. Hawkers and peddlers ⬅⟹7—Complaint for peddling medicine without a license held sufficient.

Under Code 1907, § 6703, providing that an accusation for misdemeanor shall be sufficient if it designates the offense by name a complaint based on Schedule 80 of Licenses, Acts 1919, p. 425, for "peddling medicine without a license," was sufficient.

2. Criminal law ⬅⟹260(13) — Added offense cannot be introduced on appeal from county court without institution of new prosecution.

Where defendant after a conviction in the county court under Schedule 80 of Licenses, Acts 1919, p. 425, for "peddling medicine without a license," appealed to the circuit court and was there tried under a complaint as last amended which charged an offense under Schedule 81 of Licenses, not only charging the same offense as in the original complaint but in addition thereto that defendant was an "itinerant doctor," the added charge was a clear departure from the original complaint, and could not be introduced without the institution of a new prosecution.

---

⬅⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Criminal law ⚙═279—Indictment and information ⚙═146 — Defendant by demurring waives right to plead in abatement because of misnomer.**

Where defendant might have made a plea in abatement because of misnomer if properly verified as required by Code 1907, § 7567, the interposition of a demurrer to the complaint in effect admitted that he was the person named and charged, and was a waiver of his right to plead in abatement, because of the misnomer.

**4. Criminal law ⚙═169(5)—Prejudicial error to admit evidence of death of patient in prosecution for peddling medicines without license, etc.**

In a prosecution for peddling medicine without a license and being an itinerant doctor, it was prejudicial error to admit in evidence the death of a woman to whom the state claimed the medicine was sold and treatment given by defendant, which was not cured by an instruction that the jury was not concerned with the merits of defendant's treatment.

Appeal from Circuit Court, Washington County; Ben D. Farmer, Judge.

Warrice McBride was convicted of peddling, etc., without license, and appeals. Reversed and remanded.

John S. Tilley, of Montgomery, and Gray & Dansby, of Butler, for appellant.

An information is amendable only when a new and different case in not introduced. The information filed in the circuit court was a departure from the original charge in county court. Tatum v. State, 66 Ala. 467; Perry v. State, 78 Ala. 25; State v. Jenkins, 92 Mo. App. 439; 10 Dec. Dig. 1649. Proof that a woman treated by appellant died was inadmissible.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. [1] Appellant was convicted in the county court for "peddling medicine without license." The complaint in that court was based upon Schedule 80 of Licenses as it appears in the Acts of Alabama 1919, p. 425, which requires that "peddlers of medicine" shall pay a license of $100 in each county in which they peddle.

On appeal to the circuit court an information was filed, which, as last amended, charged the constituent elements of Schedule 81 of Licenses as it appears in Acts 1919, p. 426, that the defendant "did offer for sale drugs, etc., and by speech, writing, etc., profess to cure or treat disease, without a license," etc.

The county court had original jurisdiction of the offense of "peddling medicine without license." The accusation against the defendant in that court consisted of the complaint made by the prosecutor and was sufficient if,

by name, it designated the offense. Section 6703, Code 1907.

[2] In the circuit court it was the duty of the solicitor to make a brief statement of the cause of complaint which like an information at common law, but unlike an indictment, was amendable by leave of the court; but a new and different case may not be introduced without the institution of a new prosecution. Tatum v. State, 66 Ala. 467; Perry v. State, 78 Ala. 22; Gandy v. State, 81 Ala. 71, 1 South. 35; Echols v. State, 16 Ala. App. 138, 75 South. 814.

The complaint in the circuit court as last amended charged in the same count in effect that the defendant "peddled medicine without license," and in addition thereto that he was an "itinerant doctor."

The charge that "he did profess by speech, etc., to cure or treat disease," introduced into the case an element which did not appear in the county court and was a clear departure.

[3] A plea in abatement because of the misnomer of the defendant must be verified by oath. Section 7567, Code 1907.

The interposition of a demurrer to the complaint, which in effect admits that the defendant is the person named or charged, is a waiver of the right to plead in abatement because of the misnomer. Haley v. State, 63 Ala. 89.

The court did not err in striking the plea in abatement.

[4] It was error to admit evidence of the death of Mrs. Beech to whom the state claimed the medicine was sold and treatment given by the defendant.

The trial judge in his oral instructions to the jury attempted to limit their attention to the real charge, and said:

"You are not concerned in the trial of this case with the merits or demerits of this treatment.".

But this did not cure the error. The jury had learned that the unfortunate woman was dead, and the solicitor had told them that her death was chargeable to the defendant. The evidence was immaterial to the issue and was prejudicial to the defendant.

For the errors indicated the judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.