### DUNNING v. STATE. (2 Div. 366.)

(Court of Appeals of Alabama. April 6, 1926.)

**1. Criminal law ⬥279.**

Plea of not guilty waives right of accused to plead in abatement for misnomer.

**2. Criminal law ⬥301.**

Trial court may, within its discretion, permit withdrawal of plea in bar and filing of plea of misnomer.

**3. Indictment and information ⬥173.**

Indictment for violating prohibition laws designating accused as Mathews D. instead of Mathew D., *held* not to create variance available under general charge.

**4. Criminal law ⬥753(2).**

Request for affirmative charge cannot be made to take place of plea of misnomer.

**5. Criminal law ⬥1144(14).**

Refused charges other than affirmative charge, where they state correct propositions of law, will be presumed covered by oral charge, if such charge is not in record.

**6. Intoxicating liquors ⬥233(2).**

In prosecution for unlawfully possessing still and manufacturing prohibited liquors, admission of testimony as to how much mash was found at place of still *held* not error.

Appeal from Circuit Court, Marengo County; John McKinley, Judge.

Mathew Dunning was convicted of violating the prohibition laws, and he appeals. Affirmed.

I. I. Canterbury, of Linden, for appellant.

The indictment must be certain as to the person charged. Code 1923, § 4537. As to the name of the person charged, there is a variance between allegation and proof, unless Mathew and Mathews be held idem sonans. Munkers v. State, 6 So. 357, 87 Ala. 94; Merlette v. State, 14 So. 562, 100 Ala. 42. Mere presence at a still is not sufficient to convict. Farmer v. State, 99 So. 59, 19 Ala. App. 560. Defendant should have been permitted to withdraw plea of not guilty and file plea in abatement. Code 1923, § 4537. Evidence that mash, not fermented, was found, should not have been admitted. Anderson v. State, 101 So. 162, 20 Ala. App. 154.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr, Asst. Atty. Gen., for the State.

There was no abuse of discretion in the refusal to permit withdrawal of plea of not guilty and filing of plea in abatement. Whitehead v. State, 90 So. 351, 206 Ala. 288; McBride v. State, 98 So. 135, 19 Ala. App. 471; Jones v. State, 61 So. 434, 181 Ala. 63; Smith v. State, 39 So. 329, 142 Ala. 14; Haley v. State, 63 Ala. 89. Variance on account of

misnomer could only have been raised by plea seasonably filed; not by general charge. McBride v. State, supra. In the absence of the oral charge, it will be presumed that refused charges were covered. McBride v. State, 102 So. 728, 20 Ala. App. 434.

RICE, J. [1-4] The indictment charges that *Mathews* Dunning unlawfully possessed a still and did make or manufacture prohibited liquors. Defendant demurred to the indictment, and interposed a plea of not guilty. The state offered only one witness, the arresting officer; the defendant offered no witnesses. The state's witness testified that he had known defendant twenty odd, years; that he guessed he had known *Mathew* that long. Thereupon the witness was asked by defendant's attorney if he knew defendant as *Mathew* Dunning, and if defendant went by the name of *Mathews* Dunning. The witness replied that he had heard him called *Mathew*. Defendant then objected to any testimony as to *Mathew* Dunning, which objection being overruled, defendant sought leave to withdraw his plea of not guilty and demurrer and to be allowed to file a plea of misnomer. The court declined to permit this, and defendant objected. In this there was no error. By pleading in bar—not guilty—defendant waived his right to plead in abatement. Jones v. State, 61 So. 434, 181 Ala. 63; Whitehead v. State, 90 So. 351, 206 Ala. 288; Smith v. State, 39 So. 329, 142 Ala. 14. The trial court might, within its discretion, have permitted the defendant to withdraw plea in bar and to file a plea of misnomer, but in failing to do so there was no abuse of discretion. Whitehead v. State, supra. Defendant requested affirmative charges and also requested a charge (3) to the effect that, unless the jury believed beyond a reasonable doubt that defendant's name was *Mathews* Dunning, ·they could not find him guilty. The alleged misnomer did not create a variance available under the general charge. Jones v. State, supra. A request for instruction cannot be made to take the place of a plea of misnomer. McBride v. State, 98 So. 135, 19 Ala. App. 471.

[5] Where the oral charge of the court is not in the record, it will be presumed that refused charges other than the affirmative charge, where they state correct propositions of law, were covered by the court's oral charge. McBride v. State, 102 So. 728, 20 Ala. App. 434. This serves to dispose of defendant's refused charge 4.

[6] There was no error in permitting the witness to testify how much mash was found at the place of the still.

No error appearing in the record, the judgment will be here affirmed.

Affirmed.