(116 So. 809)

### PENDLEY v. STATE.   (6 Div. 311.)

Court of Appeals of Alabama.   May 8, 1928.

J. J. Curtis, J. M. Pennington, and Leo H. Pou, all of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J.   Appellant was convicted of the offense denounced by section 5411 of the Code of 1923—having carnal knowledge of a girl over 12 and under 16 years of age.

Inasmuch as the trial court gave, at appellant's request, the general affirmative charge, in his favor, as to the second count of the indictment, its action in overruling his demurrer thereto becomes unimportant.

There was no error in overruling appellant's demurrer to the first count of the indictment, taking the point that same did not aver that he was over 16 years of age. Miller v. State, 16 Ala. App. 534, 79 So. 314.

The court did not err in refusing to give appellant's requested written charge 4 because it was substantially the same charge as his written charge 3, which was given to the jury.

There was no error in refusing to allow appellant to testify as to the reason his father met him on the afternoon of the day the little girl said he had intercourse with her. It was wholly immaterial.

Able counsel for appellant present forcibly their client's wail as to the severity of the statute under which he was convicted, and the discredited nature of the testimony accepted by the jury in preference to that of himself and his witnesses. Even so, the age of the girl was shown without dispute to be within the limits protected by said statute; his own age, not within the limits exempted

from its vigor. The question of whether or not he violated the terms of the statute could only be decided by the jury. And by their verdict they said he did.

We can find no prejudicial error, and the judgment must be affirmed.

Affirmed.