174 So. 540

## JACKSON v. STATE.

### 7 Div. 221.

Court of Appeals of Alabama.

April 13, 1937.

Rehearing Denied May 11, 1937.

470

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

David C. Byrd, of Gadsden, for appellant.

RICE, Judge.

■ Appellant was tried under an indictment for the offense denounced by the law of our state as codified into section 4717 (1) of Michie's Code of 1928. The indictment, following the language of said statute was, of course, not subject to the demurrers interposed.

■ The offense charged in the indictment being a felony, manifestly no prosecution for a misdemeanor, merely pending, in an inferior court could be a cause for the abatement of the proceedings. Hence, the demurrers to appellant's plea in abatement were properly sustained.

■■ It was proper to allow the State's witnesses to testify—they knowing the locus in quo—as to the offense being committed within Calhoun county. Location of county boundary line to determine venue does not call for expert testimony, but may be proven by general reputation. Melton v. State, 21 Ala.App. 419, 109 So. 114; Granberry v. State, 184 Ala. 5, 63 So. 975; 2 Encyc. of Evidence 723.

None of appellant's written, requested, and refused charges 9, 10, 12, 13, and the unnumbered one we have designated on the record "A," asserts a correct proposition of law. Each was properly refused.

Written charge 11 requested by appellant—the general affirmative charge—was obviously refused without error.

We find, nowhere, an erroneous ruling prejudicial to appellant's rights, and the judgment is affirmed.

Affirmed.