195 So. 766

### BOYD et al. v. STATE.

### 3 Div. 825.

Court of Appeals of Alabama.

Feb. 27, 1940.

Rehearing Denied March 19, 1940.

Edward T. Graham, of Montgomery, for appellants.

SIMPSON, Judge.

The two defendants were, by agreement, jointly tried under separate indictments, charging the illegal transportation of prohibited liquors in a quantity of five gallons or more, as denounced by General Acts of Alabama 1927, pp. 704, 705.

The two defendants were seen coming from the direction of a moonshine still, each with a ten gallon keg of illicit liquor on his shoulder. Upon seeing one of the raiding officers, each dropped his keg of liquor, fled, and was shortly thereafter apprehended. The liquor was still hot, apparently having recently been manufactured. Motion of the defendants to exclude the evidence of the State and the general affirmative charge requested by the defendants were by the court respectively overruled and refused, to which rulings the defendants reserved exception and here assign the same as error. In oral charge to the jury the court stated: "Any moving of the whiskey, in quantities of five gallons or more, whether it is done on your back, in your hands, or by vehicle, is a violation of the transportation law." To this statement of the law the defendants also reserved exception. In each of these rulings of the court there was no error. The statute is violated if illicit liquor be transported in a quantity of five gallons or more whether by vehicle or otherwise. As previously announced by this court: "The statute is not against the transportation of whisky in automobiles, but against its transportation in quantities of five gallons or more in any mode, whether by automobile, wagon, buggy, by hand, or any other manner." Fitts v. State, 24 Ala. App. 405, 135 So. 654, 655.

The court, likewise, committed no error in overruling the motion of the defendants for a new trial. There was

242

ample evidence to sustain the conviction, the trial was in all respects fairly conducted and the substantial rights of the defendants safeguarded. The record appears to be free of error and the judgment of conviction is therefore affirmed.

Affirmed.