195 So. 767

**BOYD et al. v. STATE.**

3 Div. 315.

Supreme Court of Alabama.

April 11, 1940.

Rehearing Denied May 16, 1940.

Edw. T. Graham, of Montgomery, for the motion.

Thos. S. Lawson, Atty. Gen., opposed.

BROWN, Justice.

The facts stated in the opinion of the Court of Appeals, 195 So. 766, are that "The two defendants were seen coming from the direction of a moonshine still, each with a ten gallon keg of illicit liquor on his shoulder. Upon seeing one of the raiding officers, each dropped his keg of liquor, fled, and was shortly thereafter apprehended."

The contention of the petitioners is that this did not constitute transporting liquor within the contemplation of the Act No. 605, approved September 6, 1927, Gen.Acts 1927, p. 704, which provides: "That it shall be unlawful for any person, firm or corporation, or association within this State to transport in quantities of five gallons or more any of the liquors or beverages, the sale, *possession* or transportation of which is now prohibited by law in Alabama." [Italics supplied.]

■ The possession of *"illicit distilled liquor"* is prohibited by law, even in counties where legal liquors are authorized to be sold, and, in that respect the prohibition law is preserved by the repealing clause in the Beverage Control Act. Gen.Acts 1936–37, Extra Session, p. 85, § 61; Holt v. State, 238 Ala. 2, 193 So. 89-97. [Italics supplied.]

■ The primary meaning of "transport" is to carry or convey from one place to another. Webster's New International Dictionary.

The opinion of the Court of Appeals is in accord with these views.

Writ of certiorari denied.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

On Rehearing.

Application for rehearing overruled.

THOMAS, BROWN, FOSTER, and LIVINGSTON, JJ., concur.