27 So.2d 797

### HARRIS v. STATE.

### 7 Div. 892.

Supreme Court of Alabama.

Nov. 7, 1946.

Merrill, Merrill & Vardaman, of Anniston, for petitioner.

Wm. N. McQueen, Atty. Gen., and Jas. G. Hardin, Asst. Atty. Gen., opposed.

BROWN, Justice.

The petitioner was indicted, tried and convicted of the offense denounced by Section 187, Title 29, Code of 1940, which makes it "unlawful for any person, firm or corporation, or association within this state to transport in quantities of five gallons or more any of the liquors or beverages, the sale, possession, or transportation of which is prohibited by law in Alabama. * * *."

The indictment follows the language of the statute with the exception that it does not allege that the transportation of said liquors was "contrary to law", as was done in the indictments in the cases of Dotson v. State, 24 Ala.App. 216, 135 So. 159, and Jackson v. State, 27 Ala.App. 468, 174 So. 540. However, the demurrer does not specifically point out this defect and the court will not be put in error for overruling the demurrer. Turk v. State, 140 Ala. 110, 37 So. 234; Flanigan v. State, 247 Ala. 642, 25 So.2d 685.

The general rule is that an indictment which follows the language of the statute, denouncing a crime or misdemeanor, specifying the elements thereof and containing no exception in the clause defining the offense, need not negative matters which may be set up as a defense under other statutes or under provisos in the same statute. 1 Mayfield's Digest, p. 447; paragraphs 33 and 34; Wright v. State, 3 Ala.App. 140, 57 So. 1023; Miller v. State, 16 Ala.App. 534, 79 So. 314; Bryan v. State, 18 Ala.App. 199, 89 So. 894; Pendley v. State, 22 Ala.App. 462, 116 So. 809.

The indictment is not void but is sufficient to support the judgment of conviction. The writ of certiorari is, therefore, due to be denied.

Writ denied.

LIVINGSTON and SIMPSON, JJ., concur.

GARDNER, C. J., limits his concurrence to the result.