75 So.2d 682

### Earl MATTISON, alias

v.

### STATE.

### 7 Div. 318.

Court of Appeals of Alabama.

June 22, 1954.

Rehearing Denied Aug. 31, 1954.

Roy D. McCord and Rowan S. Bone, Gadsden, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

■ The indictment in this case follows the language of Title 29, Sec. 187, Code 1940, and was sufficient against the demurrers interposed. Jackson v. State, 27 Ala.App. 468, 174 So. 540.

■ The plea of misnomer was filed after the demurrers and on this account it was waived. McBride v. State, 19 Ala.App. 471, 98 So. 135.

According to the evidence for the State, while two officers were in hiding they saw the defendant and some other persons drive up in an automobile. The appellant forthwith got out of the car and took therefrom three sacks which he carried to the back porch of a dwelling not a great distance away. The automobile immediately drove away. As the appellant entered the porch one of the officers overtook him and found that the three sacks contained seventy-two pints of whiskey.

The appellant testified that he went to the place in a taxi for the purpose of buying some whiskey. He denied that he had possession of the sacks containing the whiskey or that he was in the automobile that came to the place and quickly left.

■ The evidence for the State was sufficient to sustain the judgment of conviction under either of two factual theories: Transporting the whiskey in the automobile, or carrying it from the car to the porch. Boyd v. State, 29 Ala.App. 241, 195 So. 766, certiorari denied 239 Ala. 578, 195 So. 767.

The defendant was not entitled to the general affirmative charge.

■ Over objections of the appellant's attorney the State was permitted to develop some circumstances which occurred at or near the scene shortly after the defendant was approached by the officer at the porch and before the whiskey was loaded in the deputies' car. All of this related to the res gestae. Tracy v. State, 25 Ala. App. 417, 147 So. 685; Dotson v. State, 24 Ala.App. 216, 135 So. 159.

■ There were five unnumbered written instructions refused to the defendant. Two of these were general affirmative charges. The other three were refused without error because they were covered substantially by the court's oral charge or given instructions. Title 7, Sec. 273, Code 1940. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633.

The judgment below is ordered affirmed.

Affirmed.