287 So.2d 912

**Matthew Marshall MORGAN, Jr.**

v.

**STATE.**

**8 Div. 223.**

Court of Criminal Appeals of Alabama.

Aug. 21, 1973.

Rehearing Denied Sept. 25, 1973.

Roy D. McCord, Gadsden, J. Terry Huffstutler, Guntersville, for appellant.

William J. Baxley, Atty. Gen., and Samuel L. Adams, Asst. Atty. Gen., for the State.

M. KENNEDY WILLIAMS, Circuit Judge.

Defendant was tried by a jury at a regular term of the Circuit Court of Marshall County and found guilty, as charged in the indictment, of selling marijuana in violation of Tit. 22, § 256, Code of Alabama, 1940, Recompiled 1958, and sentenced by the court to three years in the State penitentiary and payment of costs; whereupon he perfected this appeal.

## I.

Appellant assigns as grounds for reversal the following points: (1) the fact that he was indicted and tried under a law in existence at the time of the commission of the act and sentenced under provision provided in a newer law; specifically, the Alabama Controlled Substances Act; (2) the fact that he was indicted under the name of Matthew Marshall Morgan, Jr., when his real name was Matthew Winston Morgan, Jr.; and (3) entrapment by the State official, Sgt. E. J. Gosdin.

## II.

In this case it appears that the act complained of in the indictment was committed while the old law, Tit. 22, § 258,

Code of Alabama 1940, Recompiled 1958, Cumulative Pocket Parts 1969, was in effect and the appellant was sentenced under the provisions of Alabama Controlled Substances Act, § 401(b). The old law provided a minimum sentence of five years for the first offense; the newer law provides for a minimum sentence of two years for the first offense. Appellant was asked by the court before submission of the case to the jury and out of the jury's hearing if he would like to make an election, should the jury return a guilty verdict, to be sentenced by the court under, between the old law and new law, carefully explaining the possible sentences as required by Tit. 1, § 11, Code, supra. The defendant-appellant chose the new law to be sentenced under. In addition to being given the choice as required by law the defendant-appellant surely has no cause to complain of a proceeding which inured to his own benefit.

### III.

 Defendant-appellant raised for the first time during the trial of this case that his name was Matthew Winston Morgan, Jr., rather than Matthew Marshall Morgan, Jr. Before the trial he had signed his written explanation of rights as "Matthew Marshall Morgan, Jr.," and in the bond he signed as "Matthew Morgan, Jr.," and it was written therein the name of "Matthew Marshall Morgan, Jr." The proper method for attacking this inconsistency would be by plea of misnomer; a plea of misnomer being a matter for a plea in abatement and is waived by a plea of not guilty. Ward v. State, 242 Ala. 307, 6 So.2d 394. Requested charges as to misnomer were properly refused. Dunning v. State, 21 Ala.App. 318, 108 So. 82.

### IV.

The third ground for reversal was a claimed entrapment of appellant. This is argued first on appeal, no evidence having been produced at the trial on a possible entrapment and no instruction to the jury on this matter. The appellant pled not guilty and solidly held to this throughout his testimony. The evidence as offered by the State's witness, E. J. Gosdin, and whose testimony the jury apparently accepted showed that the defendant-appellant was ready and willing to commit the offense charged, whenever an opportunity was presented and the State witness only provided the means by which the defendant-appellant could realize his purpose. Lindsay v. State, 41 Ala.App. 85, 125 So.2d 716.

### V.

We have examined the entire record and find no error.

The foregoing opinion was prepared by Hon. M. KENNEDY WILLIAMS, Circuit Judge, temporarily on duty on this Court pursuant to subsection (4) of § 38, Tit. 13, Code 1940, as amended; the Court has adopted his opinion as its own.

The judgment appealed from is hereby

Affirmed.

All the Judges concur.