State of Arkansas vs. McMinn.

---

## STATE OF ARKANSAS VS. McMINN.

1. CRIMINAL PLEADING : *Former acquittal. Variance.*
   If, upon a former indictment, the defendant could not have been convicted of the offense described in the latter, then an acquittal upon the former is no bar to the latter.

   Upon an indictment for stealing a cow, one can not be convicted of stealing a bull. (*Sec.* 178, *Gantt's Digest*, explained.)

APPEAL from *Yell* Circuit Court—Danville District.

Hon. W. D. JACOWAY, Judge.

*Mr. Attorney General Henderson*, for the State.

ENGLISH, C. J.   At the February term, 1879, of the circuit court of Yell county, Danville district, McMinn and others were indicted for larceny, the indictment charging, in substance, that, "the said Robert McMinn, C. T. Rains and Robert Wilson, on the 28th day of July, 1878, in the Danville district, of the county of Yell, etc., one bull of the value of four dollars, of the property of M. V. Adney, then and there being found, did unlawfully and feloniously steal, take and carry away," etc., etc.

McMinn filed a plea of former acquittal, in substance as follows:

"Defendant, etc., having heard said indictment read (and protesting that he is not guilty of the premises charged in said indictment), says that the said state, etc., ought not further to prosecute said indictment against him, because, he says, that heretofore, to-wit: at the present term of this court, he was held and tried on the 13th day of this present month of February, 1879, upon an indictment wherein it was charged that this defendant, with C. S. Rains and Robert Wilson, did, on the 25th day of July, 1878, in the Danville district, in the county of Yell, etc., one cow of the value of $10, one heifer of the value of $3, and one heifer of the value of $4, of the property of W. R. Carrell, steal, take and carry away; and defendant charges that if any offense was committed it was embraced in the said offense aforesaid, and that on the trial of said cause, by a jury, upon a plea of not guilty, this defendant was acquitted, as by the record thereof in this court appears; and this defendant, in fact, says that said Robert J. McMinn, so indicted and acquitted as last aforesaid, and this defendant are one and the same person, and not other and different persons; and that the felony and larceny of which he, the said Robert J. McMinn, was so indicted and

acquitted as aforesaid, and the felony and larceny of which defendant is now indicted, are not other and different felonies and larcenies, and this he, the said Robert J. McMinn, is ready to verify: Wherefore he prays judgment, and that by the court here he may be dismissed and discharged from the said premises, and in the present indictment specified; and this defendant says, as to the said indictment wherein he is now attempted to be put on trial, it is for the same larceny as charged in the said indictment wherein he was so acquitted as aforesaid, and that he is not guilty of the offense as charged in the present indictment, on which he is now attempted to be tried."

The state demurred to the plea, the court overruled the demurrer, and the state resting, defendant was discharged.

The state appealed.

*Cow*—The female of the bovine genus of animals.—*Webster*.

*Heifer*—A young cow.—*Ib*.

*Bull*—Male of the bovine, etc—*Ib*.

Appellant was indicted (with others) for stealing a *bull*.

The substance of his plea is, that he (and others) were previously indicted in the same court for stealing a *cow* and two *heifers*, tried and acquitted, and that the offense charged in the indictment was embraced in the former indictment—that the offenses are the same.

On the first indictment he could not have been convicted for stealing a *bull*.

If, upon the first indictment, he could not have been convicted of the offense described in the second, then an acquittal upon the former is no bar to the latter. *3 Greenleaf Ev.*, sec. *36; 1 Wharton Cr. L., 6 Ed., secs. 551–557.*

"The rule is," says MR. WHARTON, "that if the prisoner *could* have been legally convicted on the first indictment,

upon any evidence that might have been legally adduced, his acquittal on that indictment may be successfully pleaded to a second indictment; and it is immaterial whether the proper evidence were adduced at the trial of the first indictment or not."

But upon the indictment for stealing a *cow* and two *heifers*, appellant could not, upon any evidence that might have been legally adduced, have been convicted for stealing a *bull*, the variance between the indictment and proof, as to the subject of the larceny being material and fatal; hence an acquittal upon the first indictment could be no bar of the second for stealing a *bull*.

This rule of the common law has not been changed by statute.

It has been suggested that if, upon the first trial, the court had dismissed the indictment for variance between the indictment and proof, it would have been a bar to the second indictment, under *section 1844, of Gantt's Digest*, and that an acquittal upon the first indictment would, of course. for a stronger reason, be a bar to the second. But this suggestion is made upon a misunderstanding of the section of the Digest above referred to, which Mr. Gantt did not copy literally from the corresponding section of the Criminal Code.

*Section 169* of the *Criminal Code* is as follows: "If the demurrer is sustained because the indictment contains matter which is a legal defense or bar to the indictment, the judgment shall be final, and the defendant discharged from any further prosecution for the offense."

*Section 178,* is as follows: "The dismissal of the indictment by the court, on demurrer, except as provided in *section 169*, or for an objection to its form or substance taken at the trial, or for variance between the indictment and

the proof, shall not bar another prosecution for the same offense."

The meaning of this section may be clearly expressed thus: The dismissal of the indictment by the court, on demurrer (except as provided in section 169), or *the dis-- missal of the indictment* for an objection to its form or sub-- stance, taken at the trial, or *the dismissal of the indictment* for variance between the indictment and the proof, shall not bar another prosecution for the same offense.

Such is the reading which this court gave the section in *Lee v. State, 26 Ark., 268.*

It follows that the plea of former acquittal was bad, and that the court erred in overruling the demurrer of the state thereto.

Reversed and remanded for further proceedings.