# Campbell *v.* Smith.

### *Statutory Action in the Nature of Ejectment.*

1. *Execution issued by a justice of the peace and sent into another county; provision of the statute as to the constable to whom the execution is addressed is mandatory.*—In the statute (Code of 1886, §§ 3349, 3350; Code of 1896, §§ 1936, 1937) providing that when a judgment debtor removes to or has property in a county other than that in which the judgment of a justice of the peace is rendered, execution may be issued by the justice and "directed to any constable of such county," and may be executed by any constable of the county to which it is sent, the provision that such execution shall be "directed to any constable of such county" is mandatory; and an execution issued by the justice of the peace of one county "directed to any lawful officer of said county," and sent to another county to be executed, is void.

2. *Same; sufficient authentication by judge of probate.*—Where an execution is issued by a justice of the peace of a county wherein a judgment by him is rendered and sent to another county to be executed, the certificate of the probate judge on said execution that the person, naming him, who issued it, was an acting justice of the peace for the county wherein the judgment was rendered, is sufficient; the clause of the statute requiring such certification (Code of 1886, § 3349; Code of 1896, § 1936) by one "who has knowledge of the handwriting of the justice issuing it," having reference to the justice of the county to which the writ is sent, who is, by such statute, authorized to certify the writ, and not to the judge of probate of the county in which the judgment was rendered.

APPEAL from the Circuit Court of Cherokee. Tried before the Hon. JAMES A. BILBRO.

[Campbell v. Smith.]

This was a statutory action of ejectment, brought by the appellant, A. L. Campbell, against the appellee, R. W. Smith, to recover certain specifically described lands. The trial was had upon the plea of the general issue.

The plaintiff claimed the land as a purchaser at a sale under an execution, which had been issued upon a judgment rendered by a justice of the peace of DeKalb county, in a suit in which A. L. Campbell, the present plaintiff, was plaintiff, and R. W. Smith, the present defendant, was defendant. It was shown that the proceedings in the justice of the peace court, as to the recovery of the judgment and the levy of the execution and the sale thereunder were, in all respects, regular; and the only questions presented on the present appeal are the validity of the execution issued by the justice of the peace of DeKalb county, and as to the authority of the constable in Cherokee county to act under it and make the levy on the lands involved in this controversy. The facts in reference to these questions are sufficiently stated in the opinion.

Upon the hearing of all the evidence, the court refused to give the general affirmative charge requested by the plaintiff, but gave the general affirmative charge in favor of the defendant. To each of these rulings the plaintiff separately excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the giving of the general affirmative charge for the defendant, and the refusal to give a similar charge in favor of the plaintiff.

Davis & Haralson, for appellant.—The direction in the execution, "To any lawful officer of said [DeKalb] county," instead of, "To any constable in Cherokee county," is a mere irregularity, and on collateral attack does not render the execution void.—*Sandlin v. Anderson*, 82 Ala. 330.

Where the probate judge certifies the execution issued by a justice of the peace and sent to another county, all that is necessary for him to certify is, that the justice of the peace in his county issuing the execution, is an acting justice of the peace, and it is not necessary for him to certify that he has knowledge of the handwriting of such justice. The endorsement or certifi-

cate by the judge of probate of DeKalb county, on the back of the execution, is sufficient.—Code of 1886, § 3349; *Street v. McClerkin*, 77 Ala. 580; *Jordan v. Mead*, 12 Ala. 247.

No counsel marked as appearing for appellee.

HEAD, J.—Independent of any statutory provision to the contrary, an execution issued by a justice of the peace has no force outside of the county of the justice. Section 3349 of the Code of 1886 (Code of 1896, § 1936) provides, that "When a defendant in judgment removes to another county, or has property in any county other than that in which the judgment was rendered, execution on such judgment may be issued by the justice, and directed to any constable of such county, which must be certified by the judge of probate of the county in which the judgment was rendered, or by a justice of the county to which it is sent, who has knowledge of the hand-writing of the justice issuing it." The next section provides that, "Such execution may be executed by any constable of the county to which it is sent, and must be by him returned to the justice issuing it, as in other cases."

In order to be a valid levy and sale in a county other than that in which the judgment was rendered, there must be a substantial compliance with these provisions.

This case turns upon the validity of an execution issued by a justice of the peace in DeKalb county, by whom the judgment was rendered, and by him sent to a constable in Cherokee county, who levied it upon the land in question, lying in Cherokee county.

. There are two objections made to this execution: First, that it is addressed: "The State of Alabama, De-Kalb county, To any lawful officer of said county:" with nothing upon the execution to show that it was to be sent to, or executed in, Cherokee county; and, second, that it was not certified as required by said section 3349 of the Code of 1886, (Code of 1896, § 1936).

Under the general statute regulating executions from justices' courts, which are to be executed in the county where the judgment is rendered, it is provided that the writ shall be addressed: "State of Alabama, ———— county. To any lawful officer of the county of ———— :"

[Campbell v. Smith.]

It has been held by this court that this provision was directory, and a failure to conform to it did not render the execution void.—*Sandlin v. Anderson,* 82 Ala. 330.

We are considering now, however, a special provision for the execution of the writ in another county, and find that the statute requires, in express terms, that it shall be directed to any constable of such other county. We think this is a mandatory requirement. It was not intended that an execution issued by a justice should be sent to any county in the State, without some designation upon the writ of the particular county whose officers are to be authorized to execute it. The provision is that when the defendant removes to another county, or has property in any county other than that in which the judgment was rendered, execution may be issued by the justice and directed to any constable *of such county.* The justice is called upon to ascertain either that the defendant has removed to, or has property in another county, and what county, and then to direct the writ to any constable of the county, so ascertained, and cause it to be placed in the hands of a constable of such county for execution.

Before being sent to Cherokee, the probate judge of DeKalb county certified upon the writ that Lake Moore, the person who issued it, was an acting justice of the peace for said DeKalb county. There was no other indorsement. We think this was sufficient. The clause of said section 3349, "Who has knowledge of the handwriting of the justice issuing it," has reference to the justice of the county to which the writ is sent, who is, by the section, authorized to certify the writ, and not to the judge of probate of the county in which the judgment was rendered. Though not expressly decided, this was evidently the opinion of the court as intimated in *Street v. McClerkin,* 77 Ala. 580.

We are of opinion that the execution was void by reason of the non-compliance with the statute above pointed out, and that the plaintiff acquired no title to the land by the sheriff's sale and deed.

Affirmed.