# Johnson *v.* Whitfield & Pinckard.

*Trial of the Right of Property.*

1. *Execution; when not void.*—The fact that an execution issued by a justice of the peace was not when issued directed to any lawful officer of the county, does not render it void. This is a matter of form subject to amendment.

[Johnson v. Whitfield & Pinckard.]

2. *Same; claimant cannot take advantage of defects in.*—If a defect in an execution renders it voidable, the claimant in a suit to try the right of property cannot take advantage of it.
3. *Variance; what is fatal.*—It is a general rule that the substance of the issue must be proved, and any departure in the evidence from the substance constitutes a variance and is fatal.
4. *Evidence; when mortgage variant from property claimed; not admitted as.*—In a claim suit, when the claimant relies on a mortgage which is certain and definite of the property described, there being no ambiguity latent or patent, and is variant from the property claimed, the mortgage is properly excluded as evidence of claimant's title.
5. *Ambiguity; patent what.*—A patent ambiguity or ambiguity apparent is where the contract or conveyance on its face or aided by judicial construction equally describes two or more persons or things.

APPEAL from Tallapoosa Circuit Court.

Tried before Hon. N. D. DENSON.

Action to try the right of property, commenced in justice court and brought to circuit court by appeal. Whitfield & Pinckard caused execution to issue on a judgment in their favor against L. B. Britt, and it was levied on an ox in the possession of defendant in execution. James Johnson interposed his claim to try the right of property. On the trial it was shown that the execution at the time it was levied was not directed to any officer, but was afterwards amended by the justice on motion of plaintiff's attorney at the trial of this cause in the justice court, and after claimant had moved to quash the execution and levy. The other facts are stated in the opinion.

JAMES W. STROTHER, for appellant.—The execution was void, and the claimant could take advantage of the defect.—*Nordlinger v. Gordon,* 72 Ala. 239; *Sandlin v. Anderson,* 76 Ala. 403; *Schamagel v. Whitehurst,* 103 Ala. 260. (2). Whether the ox was embraced in the mortgage of claimant was a question to be submitted to the jury.—*Connally v. Spragins,* 66 Ala. 258; Jones on Chattel Mortgages, § 54.

SORRELL & SORRELL, *contra.*—No brief came to the reporter.

HARALSON, J.—1. The fact that the execution issued by the justice of the peace, of date 21 July, 1897, was not, when issued, directed to any lawful officer of the county, did not render it void. This was a matter of form, subject to amendment, as was done on motion before the justice. The execution introduced in evidence in the circuit court without objection, was addressed "To any lawful officer."—1 Freeman Executions, § § 38, 64, 65. If this defect or irregularity rendered the execution voidable, the claimant could not take advantage of such defect or irregularity.—*Nordlinger v. Gordon*, 72 Ala. 239; *Sandlin v. Anderson*, 82 Ala. 330; 2 Brick. Dig. 480, § 71.

2. The return of the levy by the constable, described the property levied on, as "one black ox with white spot in face and white spot in left flank." The affidavit of claimant for the trial of the right of property and his claim bond, described the property levied on and claimed, as "one black and white pided butt headed ox named Brandy." The defendant in execution, examined by claimant, testified, that he had but one ox named Brandy, which was "black with a white spot on him, slightly red about the flanks, but was not what he would call a red ox; that he would call him a black ox, or black and white; that the red on him would not be noticed except on close inspection." The claimant, Johnson, testified, that he knew the ox, that he would call him "a black ox, but he is not entirely black; he has a little red on him in his flanks, under his belly and a little on his sides, but he is more of a black than a red ox. I would not call him a red ox."

After this, the claimant offered in evidence a mortgage by defendant to him, dated 15th February, 1897, and recorded in the probate office on the 23rd of that month, which described an ox conveyed to claimant thereby, as "1 red spotted ox named Brandy." The plaintiff objected to the introduction of this mortgage on the ground, that it did not describe the property claimed, which objection the court sustained, and this being all the evidence, the court charged in writing at request of plaintiff,—"If the jury believe all the evidence they will find the issue in favor of the plaintiff." The

exclusion of the mortgage as evidence, and the giving of this charge, constitute the remaining errors assigned.

3.   It is a general rule that the substance of the issue must be proved, and any departure in the evidence from the substance, constitutes a variance and is fatal.   Another rule as stated by Mr. Greenleaf is, "that whatever cannot be stricken out without getting rid of a fact essential to the cause of action, must be retained, and of course must be proved, even though it be described with unnecessary particularity.—1 Gr. Ev. § § 63, *et seq.*

There is no ambiguity, latent or patent, in the description employed in the excluded mortgage.   It is *"1 red spotted ox named Brandy."*   Nor is there generality or uncertainty about this description, which by proof *aliunde* could be shown, that it applied to two or more oxen, including the one levied on, described in the affidavit and claim bond as *"one black and white pided butt headed ox,"* or as described by claimant in his testimony as *"a black ox, but not entirely black;"* but the description is certain and definite, and therefore, there is no latent ambiguity about it, to be aided by outside proof.   A patent ambiguity or ambiguity apparent, is where the contract or conveyance, on its face, or aided by judicial construction, equally describes two or more persons or things.   It was not pretended that such was the case here.   The mortgage being certain and definite of the ox described, and variant from the one claimed, was properly excluded as evidence of claimant's title.—*Chambers v. Ringstaff*, 69 Ala. 140; *Meyer v. Mitchell*, 75 Ala. 475; *Varnum v. State*, 78 Ala. 28; *Chadwick v. Carson*, 78 Ala. 116; *O'Neal v. Seixas*, 85 Ala. 80; *Griffin v. Hall*, 115 Ala. 482, 484.

With the mortgage excluded, the claimant showed no title to the property and the general charge was properly given for plaintiff.

Affirmed.