# Bates v. The State.

## Petit Larceny.

(Decided July 2, 1907.    44 South. 695.)

1. *Criminal Law; Complaint; Affidavit; Amendment.*—Where an affidavit charged that the affiant had probable cause for believing and did believe that the offense of petit larceny had been committed, and charging a named person with committing the offense, it was proper to allow an amendment to the affidavit, properly charging the offense designated in the first affidavit.

2. *Same; Appeal; Harmless Error.*—Where the original affidavit was amended and trial had upon the amended affidavit it is immaterial whether the original affidavit was sufficient or not, and the rulings of the trial court on the original affidavit, if error, were harmless.

3. *Same; Affidavit; Sufficiency.*—An affidavit charging that affiant had probable cause for believing and did believe that a named person feloniously took and carried away eight chickens of the value of $1.25, the personal property of affiant, is a sufficient compliance with section 4600, Code 1896, to support a prosecution for petit larceny.

4. *Trial; Instruction; Sufficiency.*—A general affirmative charge which failed to submit the credibility of the testimony to the jury is bad in form.

[Bates v. The State.]

5. *Larceny; Evidence; Ownership.*—Notwithstanding the affidavit charged felonious taking of eight chickens, a conviction for larceny may be had under such affidavit on proof of the taking of seven chickens belonging to the affiant.

6. *Criminal Law; New Trial; Appeal.*—The rulings of a trial court on an application for a new trial in a criminal case are not reviewable on appeal.

APPEAL from Cleburne County Court.
Heard before Hon. T. A. JOHNSON.

B. B. Bates was convicted of petit larceny, and he appeals. Affirmed.

The original affidavit was in the following language: "The State of Alabama, Cleburne County. Before me, A. J. Overton, N. P. and ex officio J. P. .in and for said county, in person come Amanda Bennefield, who, being duly sworn, says that she has probable cause for believing and does believe that the offense of petit larceny has in the opinion of the complainant been committed, and charging that B. B. Bates was guilty thereof in said county, against the peace and dignity of the state of Alabama." Warrant was issued upon this affidavit and served upon defendant. The defendant moved to quash the affidavit on which the prosecution was based on numerous grounds not necessary to be set out. Demurrers were filed as follows: "(1) There is no offense charged in the affidavit. (2) The affidavit on which the complaint is founded is void. (3) The affidavit fails to allege that any particular property was stolen. (4) The affidavit on which the complaint was founded does not put defendant on notice of what he has to meet. (5) The affidavit does not allege the value of the property stolen."

On motion of the solicitor the following amended affidavit was substituted for the original affidavit: "State of Alabama, Cleburne County. Before me, E. P. Pesnell, N. P. and ex officio J. P. in and for said county, personally appeared Amanda Bennefield, who, being

duly sworn, says that she has probable cause for believing and does believe that B. B. Bates feloniously took and carried away eight chickens, of the value of $1.25, the property of Amanda Bennefield, in said county, against the peace and dignity of the state of Alabama." This affidavit was signed by Amanda Bennefield, and sworn to and subscribed. The same motions and demurrers were interposed to the amended affidavit. The facts sufficiently appear in the opinion of the court.

The following charges were refused to the defendant: (1) The general affirmative charge. (5) "I charge you gentlemen of the jury, that if you believe from the evidence that one of the chickens alleged to have been stolen was the property of some one else, and not Amanda Bennefield's chicken, then you must find the defendant not guilty."

BURTON & McMAHON, and R. L. EVANS, for appellant.—The motion to quash the affidavit should have been sustained as the designation of the offense of petit larceny is not sufficient to inform defendant of the nature of the charge against him.—*Turnipseed v. The State*, 6 Ala. 666; *Anthony v. The State*, 29 Ala. 28; *Grattan v. The State*, 71 Ala. 344. The allegation of value was also necessary.—*Grant's Case*, 55 Ala. 201; *William's Case*, 44 Ala. 396. The name of the owner of the property is necessary.—*Underwood's Case*, 72 Ala. 220. For the same reason the demurrers to the affidavit should have been sustained.—*McGhee v. The State*, 115 Ala. 135; *Miles v. The State*, 94 Ala. 106. If the original affidavit was void it could not be amended. —*Miles v. The State, supra*. The affidavit was void.— 55 Ala. 201. The evidence showed that only seven of the chickens stolen were property of the affiant, and

the eighth one was the property of another. This variance was fatal.—*Barnes v. The State,* 103 Ala. 44.

ALEXANDER M. GARBER, Attorney General, for the State.—No brief came to the Reporter.

SIMPSON, J.—The appellant was convicted of the offense of petit larceny. The original affidavit was amended, and the trial was on said amended affidavit. Such amendment is authorized by law.—*Gandy v. State,* 81 Ala. 68, 1 South. 35; *Simpson v. State,* 111 Ala. 6, 20 South. 572; *Tatum v. State,* 66 Ala. 465; *Perry v. State,* 78 Ala. 22. This being true, it is immaterial whether the original affidavit was sufficient, and the rulings of the court in regard to that affidavit do not constitute reversible error.

The amended affidavit was sufficient.—Code 1896, § 4600; Acts 1896-97, p. 810, § 15. Added to this, the demurrers do not appear in the record proper, and it does not affirmatively appear that there was error. The amendment to the affidavit does not come within the principle laid down in *Miles v. State,* 94 Ala. 106, 11 South. 403, for the reasons, first, that the original affidavit in this case does charge an offense, by name; and, second, in this case the affidavit was amended and reverified, and it was not, as in that case, trying the party on the mere statement of the solicitor, unsupported by an affidavit charging the offense.

The point is insisted on by the defendant that charges Nos. 1 and 5, requested by the defendant, should have been given, because the affidavit charged the larceny of eight chickens, the property of Amanda Bennefield, while the proof showed that only seven of the chickens belong to her. In addition to the fact that both charges were asked in bulk, and the failure to give

[Scott v. The State.]

both excepted to in bulk, both charges were bad—the first, because it did not submit to the jury the credibility of the testimony; and the other, which is numbered 5, was properly refused, as the larceny was committed, even though only seven of the chickens belonged to the party named.—*State v. Murphy*, 6 Ala. 846. There was no error in the refusal to give said charges.

The overruling of the motion for a new trial cannot be reviewed.—*Thomas v. State*, 139 Ala. 80, 36 South. 734.

The judgment of the court is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.