# Marsh *v.* The State.

## *Larceny.*

### (Decided Jan. 9, 1912. 57 South. 387.)

*Larceny; Variance; Cow.*—A person cannot be convicted of the larceny of a steer calf under an indictment charging the larceny of a cow, as the word "cow" in common understanding includes the female of the species. (Sec. 7324, Code 1907.) Hence, where there was proof tending to show the taking of one cow and two calves, and there was evidence on which it might have been found that the cow and one calf had been given to the defendant by his mother, who owned them, a refusal to charge that proof of larceny of a steer calf was not proof of larceny of a cow, was erroneous.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Richard Marsh was convicted of larceny and he appeals. Reversed and remanded.

GODBOLD and VAN DE VOORT, for appellant. There was a variance between the indictment and proof, and under the facts in this case, charge 16 should have been given.—*Watson v. The State,* 55 Ala. 150; *McClellan v. The State,* 121 Ala. 18; *McClerkin v. The State,* 105 Ala. 112; *State v. Plunkett,* 2 Stew. 11; *Stollenwerck v. The State,* 55 Ala. 142. Counsel discuss other assignments of error, but it is not deemed necessary to here set it out.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There was no variance between the allegation and the proof. —*Bates v. The State,* 12 Ala. 77; *McElhaney v. The State,* 24 Ala. 71; *State v. Murphy,* 6 Ala. 845; *Porter v. The State,* 58 Ala. 66.

DE GRAFFENRIED, J.—In an indictment for the larceny of an animal, it is sufficient to describe the animal by such name as in the common understanding embraces it, without designating its sex.—Code 1907, § 7326. It is therefore evident that under the provisions of the above statute an indictment for the larceny of a dog, a sheep, a goat or a hog would be sufficiently made out by proof of the larceny of either a male or a female of the particular species of animal named in the indictment. It does not follow, however, that in cases where, by common understanding, a certain word embraces only the male or the female of a certain species of animal, and the animal, the subject of the alleged larceny, is described in the indictment by that term which denotes only the male or the female of such species, the allegations of the indictment are met by proof of the larceny of an animal of the species but not of the gender denoted by the term used in the indictment. It will not be contended, for instance, that an indictment charging the larceny of a bull is made out by evidence of the theft of a cow.

The theft of a "cow or an animal of the cow kind" is made grand larceny by our statutes.—Code, § 7324. All the provisions of a statute are to be construed according to the fair import of their terms, and if the word "cow" as used in the above statute includes or was intended to include both the male and the female of the bovine species, the words "or animal of the cow kind" appearing in the statute are of no import and have no field of operation. The truth is that a cow is a female of bovine animals. In its most common acceptation it is a mature female of such animals, but the general tendency among the courts is to treat the word "cow" as including an immature female of such species, and

6 CA

for that reason our Supreme Court has held that a "heifer" is a cow.—*Parker v. State,* 39 Ala. 365.

Construing all of the provisions of the above section 7324 together, we are of the opinion that when, in this state, an indictment charges the larceny of a "cow," its allegations are only met by proof of the larceny of a female animal of the cow kind. "A cow is a female animal of the bovine species; hence under an indictment for stealing a cow, a defendant cannot be convicted of stealing a bull.'—*State v. McMinn,* 34 Ark. 160.

In the present case the defendant was indicted for the larceny of three cows. The evidence, without dispute, showed the asportavit by the defendant of one cow and two steer calves or yearlings. The defendant claimed that he obtained the cattle from his mother, who claimed title to them. There was some evidence in the case tending to show that defendant's mother owned the cow and that the prosecutor had by mistake marked the cow in *his* mark, and that the cow was the mother of *one* of the yearlings. The jury, therefore, might have found that the *cow* and *one* of the yearlings belonged to the mother, but that the other yearling or calf belonged to the prosecutor, and that the defendant was guilty of the larceny of that animal and of *only* that animal. This being the situation of the evidence, the defendant asked the court in writing to charge the jury that "proof of the larceny of a steer calf is not proof of the larceny of a cow." The court refused to give this charge to the jury, and in doing so committed reversible error. While it is true that the prosecutor is not bound, in order to secure a conviction, under an indictment charging the larceny of several articles, to prove the larceny of the exact number of articles alleged in the affidavit or indictment (*Bates v. State,* 152 Ala. 77, 44 South. 695; *State v. Murphy,* 6 Ala. 845), neverthe-

[Marsh v. The State.]

less if, in making out his evidence, the prosecutor shows the larceny of articles other than those named in the indictment it is evident that the defendant cannot legally be convicted of the larceny of the articles not named in the indictment, and the defendant, as a matter of right is entitled to have the court to so instruct the jury. Our Code forms of indictment are simple in the extreme, and it is essential that when the forms are adopted they should be followed in all material particulars. It is against common right that a man should be charged in an indictment with the larceny of one article and be tried and convicted under that indictment for the larceny of an article different from the one named in the indictment.

Whether, under the indictment in the present case, the defendant could legally have been convicted of the larceny of *only* the cow, if the evidence had been confined to the question of the larceny of the cow only, is not before us. The court submitted the question of guilt vel non of the defendant of the larceny of all three of the animals, about which evidence was offered to the jury, and in doing so committed an error for which the judgment in this case must be reversed.

Reversed and remanded.