# Tombigbee Valley Railroad Company v. Wilks.

## *Injury to Stock.*

(Decided November 28, 1912.   60 South. 559.)

*Railroads; Injury to Stock; Variance; Cow; Ox.*—Where the complaint alleged injuries to a cow and the proof showed injury to or killing of an ox, the variance was fatal, the word "cow" being used to indicate the f male and the ox the male of the bovine species.

APPEAL from Washington Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by Willis Wilks against the Tombigbee Valley Railroad Company, for damages for killing stock. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

TURNER, WILSON & TUCKER, for appellant. There was a fatal variance between the allegation and the proof, the complaint alleging the killing of a cow, and the proof showing the killing of an ox.—11 Cyc. 1185; 33 Barb. 56; 62 Pac. 968; 2 Words & Phrases, 1706; *Parker v. The State,* 39 Ala. 365; *Watson v. The State,* 55 Ala. 150.

JOSEPH M. PELHAM, JR., for appellee. There is nothing in the contention of the appellant that there is a variance between the pleading and the proof.—11 L. R. A. 460; *A. C. L. R. R. Co. v. Dahlberg,* 54 South. 170; *Wilson v. Smith,* 111 Ala. 170; *So. Ry. v. Lee,* 52 South. 649; *Stallings v. Whittaker,* 55 Ark. 494.

WALKER, P. J.—The complaint in each of its counts claimed damages for an alleged injury to a cow, the property of the plaintiff. The evidence offered was as to the injury to or killing of an ox belonging to the plaintiff. The word "cow" describes only a female bovine animal, and is not broad enough in its meaning to include an ox, which is a male of that species of animal. —Webster's Dictionary; *Marsh v. State,* 3 Ala. App. 80, 57 South. 387; *Brigham v. Bush,* 33 Barb. (N. Y.) 596; *State v. McMinn,* 34 Ark. 160; 2 Words and Phrases, 1706. An allegation of injury to one thing cannot be supported by evidence as to an injury to another and different thing. There was such a variance between the allegations and the proof in a material matter of description (*Johnson v. Whitfield & Pinckard,* 124 Ala. 508, 27 South. 406, 82 m. St. Rep. 196) as to render improper the giving by the court of the general affirmative charge in his behalf, requested by the plaintiff.

Reversed and remanded.