# Askew *v.* The State.

### *Violating Prohibition Law.*

(Decided November 26, 1914.   66 South. 852.)

1. *Criminal Law; Complaint; Amendment.*—Where prosecution was begun by affidavit, and a complaint was filed in the circuit court on appeal from the county court, the complaint may be amended to make it clearer, before the empaneling of the jury.

2. *Witnesses; Impeachment; Former Testimony.*—The recitals of a bill of exceptions prepared on a former trial, as to what a state's witness then testified, without proof of the correctness of such recitals, is not admissible to contradict or impeach such witness.

3. *Same; Discretion.*—Where a witness had testified that he bought whisky from defendant and paid him 50 cents for it, the refusal to allow the witness to be cross-examined in an attempt to show that when he came to defendant, witness had a quart of whiskey, and someone had given him $1.50 with which to buy it, and he paid a dollar for it, and kept the 50 cents, is not revisable as an abuse of discretion.

APPEAL from Baldwin Circuit Court.

Heard before Hon. A. E. GAMBLE.

Clem Askew was convicted of violating the prohibition law, and appeals. Affirmed.

The prosecution was begun by affidavit, and alleged that defendant sold, offered for sale, kept for sale, or otherwise disposed of prohibited liquors. On the appeal from the county court, the solicitor filed a complaint that within 12 months before the commencement of this prosecution, Clem Askew did sell, offer for sale, keep for sale, or otherwise dispose of prohibited liquors and beverages. The bill of exceptions recites that after defendant had pleaded not guilty, but before a jury was impaneled to try the case, the solicitor moved to amend by inserting certain words to make the complaint clearer, and this motion was granted and the complaint amended. The witness Joe Carroll testified that he purchased nearly a quart of whisky from defendant and paid him 50 cents for it. The cross-examination was an effort to show that the witness had a quart of whisky when he went up to Clem Askew's place, and, further, that the witness had paid $1 for it, also that some one had given him $1.50 to buy the whisky, and that he paid $1 for it and kept the 50 cents, and other questions along the same line as to his testimony on the previous trial.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

PELHAM, J.—The complaint filed by state's counsel, on which the defendant was tried in the circuit court was amendable "before a jury was impaneled for the trial of the case," and the court committed no error in allowing the amendments.—*Tatum v. State,* 66 Ala. 465; *Perry v. State,* 78 Ala. 22; *Bates v. State,* 152 Ala. 80, 44 South. 695.

The state's witness was not a party to the bill of exceptions prepared on a former trial of the case, and the recitals of that instrument with respect to his testimony on that trial were not competent to be introduced on a subsequent trial for the purpose of contradicting or impeaching the witness in the absence of any showing or proof of the correctness of the statements as to the testimony of the witness set forth in the bill of exceptions. The court properly refused to permit the introduction of the bill of exceptions on the former trial or any part of it, for this purpose.

The rulings of the court made during the cross-examination of the state's witness, Joe Carroll, by defendant's counsel, do not show such an abuse of the discretion reposed in the trial court with respect to such matters as would authorize a reversal of the judgment.

Affirmed.