(77 South. 57)

THOMAS v. STATE. (2 Div. 175.)

(Court of Appeals of Alabama. June 30, 1917. On Rehearing, Nov. 13, 1917.)

1. LARCENY ☞43—Hog Theft—Possession of Parts of Hog—Evidence.

In a prosecution for hog theft, testimony that the owner found the parts of a freshly butchered hog in defendant's possession, the head of which he identified as being marked with his mark, in connection with his evidence that he had lost two sows marked with his mark, was admissible as tending to prove the corpus delicti.

2. LARCENY ☞43—Hog Theft—Possession of Parts of Butchered Hog—Evidence.

In such prosecution, evidence of the owner that he found parts of a freshly butchered hog, other than the head, marked with his mark in defendant's possession, was admissible.

3. LARCENY ☞68(1) — Hog Theft — Jury's Duty to Draw Inference.

In a prosecution for hog theft, it was the province of the jury to draw an inference from the evidence that the hog whose parts were found in defendant's possession was one of those lost by the owner, and that its possession was larcenously acquired by defendant.

4. LARCENY ☞40(2)—Variance—Hog Theft—Proof of Theft of Single Hog.

In a prosecution for hog theft, it was not incumbent on the state to prove that defendant stole two hogs or sows; proof of the theft of one was sufficient.

On Rehearing.

5. LARCENY ☞68(1)—Hog Theft—Proof of Corpus Delicti—Question for Jury.

In a prosecution for hog theft, whether the evidence proved the corpus delicti held for the jury.

Appeal from Circuit Court, Hale County; B. M. Miller, Judge.

William Thomas was convicted of hog theft, and he appeals. Affirmed.

Certiorari denied 201 Ala.697, 77 South.1001.

R. B. Evins, of Greensboro, for appellant. W. L. Martin, Atty. Gen., for the State.

BROWN, P. J. [1] The fact that Beckham found the parts of a freshly butchered hog in the possession of the defendant, the head of which he identified as being marked with his mark, in connection with his evidence that he had lost two sows marked with his mark, was admissible as tending to prove the corpus delicti, and the objection and motion of the defendant to exclude this evidence was properly overruled. Fowler v. State, 100 Ala. 99, 14 South. 860.

[2] For like reasons, the motion of the defendant to exclude the evidence of this witness that he found parts of a hog, other than the head, was properly overruled.

[3] The evidence afforded an inference, which it was the province of the jury to draw, that the hog, the parts of which were found in the defendant's possession, was one of the hogs lost by the witness Beckham, and that its possession was larcenously acquired by the defendant.

"If the evidence affords an inference of the larceny of the goods, then the question of its sufficiency is one for the jury, and it becomes their province to determine whether the corpus delicti has been proven." Smith v. State, 133 Ala. 145, 31 South. 806, 91 Am. St. Rep. 21; Daniels v. State, 12 Ala. App. 119, 68 South. 499.

[4] It was not incumbent upon the state to prove that the defendant stole two hogs or sows; proof of one was sufficient. Bates

v. State, 152 Ala. 77, 44 South. 695; State v. Murphy, 6 Ala. 846; Marsh v. State, 3 Ala. App. 80, 57 South. 387.

We find no error in the record.

Affirmed.

### On Rehearing.

The cases cited as supporting the application for rehearing were considered in disposing of the case, but we did not deem it necessary then to differentiate them from the case in hand.

[5] The evidence in this case shows that Beckham turned his hogs into a swamp where people usually allowed their hogs to run during the fall; that he searched for the hogs and was unable to find them, and positively stated that no one had his authority to take them out of the swamp. The evidence further shows that after arming himself with a search warrant, Beckham searched several places, including the defendant's house, and that when he proposed to search defendant's house, defendant answered, saying, "Go ahead, that he had hogs in the swamp the same as I [Beckham] did." Beckham then, leaving Powers in the house with the defendant, proceeded with the search, and found the parts of one or more freshly butchered hogs, and among these parts was the head of a hog marked in Beckham's mark. When Beckham carried this head into the room and confronted defendant with it, defendant jumped out of the house and ran away.

We think the defendant's conduct on this occasion and his statement that he had hogs in the swamp, in view of the fact that he anticipated that Beckham would find the freshly butchered meat, tends to show that he had taken the hogs, the meat of which was found in his possession, from the swamp, and when Beckham returned with the hog's head bearing Beckham's earmarks, prompted by a consciousness of guilt, he proceeded to flee. These facts and the legitimate inferences afforded thereby clearly differentiate this case from the cases relied upon by appellant. The nearest to an analogy is found in the case of Sanders v. State, 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536. In that case, the goods were alleged to have been stolen from the storehouse of one Horton, who testified that the goods had his mark on them, and identified them as goods from his store, but said that he could not swear that the goods in question were not sold by one of the eight persons in the store who had authority to sell such goods. It was also shown that the defendant undertook flight after the parties who found the goods in his possession threatened to tie him. In Jeffries' Case, 7 Ala. App. 144, 62 South. 270:

"The only support for the charge of larceny made against the defendant was evidence tending to prove his possession and sale of a cow which had disappeared from a pasture from which cattle sometimes escape through broken places in the fence which inclosed it at a point where a brook ran under the fence. There was an entire absence of evidence having any tendency to prove how the cow got out of the possession of the owner or came into the possession of the defendant."

Jones v. State, 13 Ala. App. 10, 68 South. 690, was a prosecution for murder, and does not seem to have any application to the principles involved in this case. Orr v. State, 107 Ala. 35, 18 South. 142, and Bryant v. State, 116 Ala. 445, 23 South. 40, merely hold that the possession of stolen property must be both recent and unexplained to authorize an inference of guilt.

We repeat that the statement of the defendant that he had hogs in the swamp, as well as Beckham, when considered in connection with the fact that he knew that the meat would be found in his possession by Beckham, afforded an inference that he had taken this meat from the swamp, and when he was confronted with the head marked in Beckham's mark, the consciousness of his guilt prompted him to take flight, and it was a question for the jury whether the evidence proved the corpus delicti.

Application overruled.