. 160 So. 726

**BRANNON v. STATE.**

4 Div. 63.

Court of Appeals of Alabama.

Nov. 27, 1934.

Rehearing Denied Jan. 15, 1935.

E. C. Boswell, of Geneva, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was charged with, and convicted of, grand larceny. The indictment, framed under Code, § 4905, described the stolen property as "a heifer, an animal of the cow kind," and "a bull yearling, an animal of the cow kind." The evidence, without dispute, showed

the asportation of a heifer 'and a *steer* yearling.

Contending that there was a fatal variance between the indictment and the proof, appellant requested the affirmative charge and special charges to the effect that if the jury believed from the evidence that the male cow involved was a steer yearling they could not convict defendant for stealing him; and that "as matter of law a steer yearling is not a bull yearling."

The contention for a variance is renewed here, and reliance for a reversal is based chiefly upon the case of Marsh v. State, 3 Ala. App. 80, 57 So. 387. The Florida case of Mobley v. State, 57 Fla. 22, 49 So. 941, 17 Ann. Cas. 735, is also cited.

The statute law of this state in two instances makes the sex of an animal an unnecessary allegation in an indictment charging the larceny of, or any other public offense in reference to, such animal. Code, §§ 4543, 4909.

This court, in Marsh v. State, supra, took account of section 7326 of the Code of 1907 (now section 4909, Code 1923), but held that under an indictment charging the theft of a *cow* there could be no conviction upon proof of the theft of a *steer calf.* We remark, merely, that the emphasis of the decision is upon the .*sex* of the animal.

■ Here the indictment charges the theft of a male animal of the cow kind, and the proof shows the theft of a male animal of the cow kind. The term "bull yearling," as used in the indictment, is to be construed in its broader sense, and as designating nothing more than the sex of the animal—as the direct opposite of the word "cow." For the purpose in hand, it must be deemed to embrace male animals of the cow kind, regardless of procreative capacity.

In Parker v. State, 39 Ala. 365, the indictment charged theft of "a cow." The state, on the trial, proved that the animal stolen was "a heifer, between two and three years old, that had never had a calf." The appellant there contended for a variance, but the Supreme Court, speaking through Justice Stone, dismissed the insistence with this observation: "There is nothing in the objection that the property was misdescribed."

The necessary inference from this holding is that the word "cow," when used in an indictment, is definitive of sex, not condition; is an inclusive, not a restrictive, term. It follows logically that the term "bull yearling,"

when so employed, is likewise definitive of sex, not condition; is an inclusive, not a restrictive, term. Especially so when any sort of meaning is accorded Code, §§ 4543 and 4909, supra.

There is ·no merit in the contention that there was a variance between the allegations contained in the indictment and the proof offered in support thereof.

■ The only other question argued in brief relates to the action of the trial court in denying to appellant the right, on cross-examination of the prosecuting witness, to question the witness as to a conversation between witness and one Evans, jointly indicted with appellant, at a time when appellant was not present. The purpose, apparently, was to prove that Evans told the witness that he (Evans) had stolen the yearlings and that appellant knew nothing about them. Evans was not on trial; appellant had demanded a severance. The questions called for hearsay, and there was present no element rendering such evidence admissible.

As required by statute, we have read and considered the entire record in this case and have examined each question raised on the trial. We find nowhere any error affecting the substantial rights of the accused. It follows that the judgment of conviction is due to be, and it is, here affirmed.

Affirmed.