2 So.2d 341

**SMITH v. STATE.**

4 Div. 651.

Court of Appeals of Alabama.

May 13, 1941.

A. B. Ferrell, of Seale, and A. L. Patterson, of Phenix City, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant, defendant below, was tried and convicted upon an indictment which charged that "he feloniously took and carried away one cow, an animal of the cow kind, of the value of $12.00, the personal property of Mandy Robinson."

All of the testimony upon the trial described the animal alleged to have been stolen as a "bull yearling".

The defendant requested, in writing, the general affirmative charge, which the court refused.

We are of the opinion the court erred to a reversal in refusing said charge. Under all the evidence the defendant was clearly entitled to a directed verdict. Marsh v. State, 3 Ala.App. 80, 57 So. 387. In said case, this court said:

"The theft of a 'cow or an animal of the cow kind' is made grand larceny by our statutes. Code, § 7324 [Code 1940, Tit. 14, § 331]. All the provisions of a statute are to be construed according to the fair import of their terms, and if the word 'cow' as used in the above statute includes or was intended to include both the male and the female of the bovine species, the words 'or animal of the cow kind' appearing in the statute are of no import and have no field of operation. The truth is that a cow is a female of bovine animals. In its most common acceptation it is a ma-

ture female of such animals, but the general tendency among the courts is to treat the word 'cow' as including an immature female of such species, and for that reason our Supreme Court has held that a 'heifer' is a cow. Parker v. State, 39 Ala. 365.

"Construing all of the provisions of the above section 7324 together, we are of the opinion that when, in this state, an indictment charges the larceny of a 'cow,' its allegations are only met by proof of the larceny of a female animal of the cow kind. 'A cow is a female animal of the bovine species; hence under an indictment for stealing a cow, a defendant cannot be convicted of stealing a bull.' "

In our case of Carroll v. State, 28 Ala.App. 516, 189 So. 219, 220, this court restated the well settled proposition to the effect that "where particular kind of property is described in an indictment, it must be proved as laid."

In other words, an indictment for larceny should describe the property with such certainty as will enable the jury to decide whether what is proven to be stolen is the very same with that upon which the indictment is founded, and show judicially to the court that it was the subject matter of the offense charged, and enable the defendant to plead his acquittal or conviction to a subsequent indictment relating to the same property.

The indictment in this case, as stated, charged the larceny of a cow, an animal of the cow kind, the latter phrase being merely descriptive of the one preceding—not in the alternative. It was therefore necessary for the State to prove, under the required measure of proof, that the defendant feloniously took and carried away a female animal of the cow kind,—a cow. This the State failed to do. All the evidence adduced upon the trial of this case related, solely, to "a small red bull yearling with white markings."

Since the pronouncement of the Marsh case, supra, Section 7324 of the Code 1907 has been reenacted by the Legislature of Alabama as Section 4905 of the Code 1923, Code 1940, Tit. 14, § 331, without substantial change in its provisions, and so the construction placed by this court upon Section 7324 of the Code 1907, in the quoted excerpt from the Marsh case, supra, has, under the law, entered into and become a part of Section 4905 of the Code of Alabama, 1923.

A motion for a new trial was duly made and presented. This motion was based upon several separate and distinct grounds, a number of which were well taken, and in overruling the motion the court fell into error also.

Under the facts disclosed by the testimony in this case, it is obvious that the defendant cannot be legally convicted of the offense charged against him in the indictment. To remand this case to the court below for another trial would be to do a useless thing. Courts will not render useless orders, or indulge in useless things. The judgment of conviction appealed from, for the reasons stated, is hereby reversed, and in accordance with the provisions of Section 3258, Code 1923, Code 1940, Tit. 15, § 389, and upon authority of the case of Robison v. State, Ala.App., 200 So. 626,[1] certiorari denied 240 Ala. 638, 200 So. 629, an order is here rendered discharging this appellant from further custody in this proceeding.

Reversed and rendered.