104 So.2d 781

**Adam RIBGHY and Lillian Hale**

**v.**

**STATE.**

**1 Div. 764.**

Court of Appeals of Alabama.

Aug. 19, 1958.

C. LeNoir Thompson, Bay Minette, for appellants.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

The appellants, tried on a severance, had been indicted (along with Effie Ribghy and Daisy Daniels) for the larceny of Mr. Ulmer Bradley's "cow, or animal of the

cow kind." The jury found them guilty and their punishment was fixed at two years in the penitentiary.

On June 9, 1957, Mr. Orrie Coughlin found the feet and legs (up above the knee) of a "cow" with red and white markings. The next day he found burning the head of a dehorned calf. These clues were found around Daisy Daniels's house about a mile south of Old Blacksher along Highway 59.

Ribghy confessed to helping Lillian Hale kill a red yearling calf in a swamp down on Turkey Creek. The animal was shot to death late in the afternoon of June 7. There were two other adults and two children present.

The party carried the carcass to Daisy Daniels's house where Ribghy skinned and butchered the animal behind the pump house where a hind leg was found.

Another State witness told of Ribghy and Daisy Daniels bringing a large amount of meat to put in the witness' deep freeze box.

Lillian Hale also confessed to the taking.

The defendants adduced no proof.

On this appeal we perceive but two questions: (1) Is the shooting larceny of the animal rather than of the carcass where there is no evidence of value? (2) Does the evidence which failed to show the sex of animal support the indictment and the crime of grand larceny?

While the grand larceny statute (Code 1940, T. 14, § 331) contemplates the taking of live animals, if killing is used to possess *animo furandi*, it is larceny of the animal rather than of the carcass. Hunt v. State, 55 Ala. 138; Snoddy v. State, 75 Ala. 23; see also Lyons v. State, Fla., 47 So.2d 541; Driggers v. State, 96 Fla. 232, 118 So. 20 (asportation when bullet causes animal to kneel).

The one count indictment is alternative—"cow, or animal of the cow kind"—which requires proof of but one

theft (Code 1940, T. 15, § 248). Wesley v. State, 61 Ala. 282.

The expression "animal of the cow kind" will admit proof of any domesticated bovine quadruped, Code 1940, T. 15, § 246, Brannon v. State, 26 Ala.App. 291, 160 So. 726.

Marsh v. State, 3 Ala.App. 80, 57 So. 387, had an indictment which charged theft only of a "cow" and hence taking of a "steer calf" could not be larceny of a cow. But a steer is an animal of "the cow kind," Watson v. State, 55 Ala. 150.

In Smith v. State, 30 Ala.App. 158, 2 So.2d 341, 342, where the taking of a "bull yearling" would not prove an indictment for the larceny of "one cow, an animal of the cow kind," Bricken, P. J., was careful to point out that leaving out the "or" failed to apprise the defendant of an alternative.

We have reviewed the entire record as required by Code 1940, T. 15, § 389, and consider it free of prejudicial error. Hence the judgment below is due to be

Affirmed.