LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant-appellant guilty of receiving stolen property in the second degree in violation of Code of Alabama 1975, § 13A-8-18, a Class C felony which, according to § 13A-5-6(a)(3), is punishable by imprisonment for “not more than 10 years or less than 1 year and 1 day.” The court fixed his punishment at imprisonment for two years but suspended his sentence and placed him on probation for two years.
According to the undisputed evidence, appellant purchased for the sum of $75.00 a stereo system, two speakers, a radio receiver and a Winchester .22 caliber rifle, which had been recently stolen from the residence of Gloria Brown during a burglary of said residence. The evidence was in dispute as tp whether the defendant knew that the property was stolen or that he had reasonable grounds to believe it had been stolen. He stoutly denied this material averment of the indictment. However, no issue is raised on appeal as to his having the necessary criminal intent to commit the offense proscribed by § 13A-8-18, and our review of the evidence convinces us that a factual question as to whether he was guilty of a violation of § 13A-8-18 was presented.
The first issue presented by appellant is whether there was “a material variance between the indictment and proof.” The basis for such issue is that the indictment described part of the allegedly stolen property as “One (1) Pioneer stereo system, Model PL200; two (2) Soundesign speakers, Model No. 0719; one (1) Teck AM/FM radio receiver, Model No. 1515E” and that Mrs. Gloria Brown testified that the stereo system that was stolen from her home was a “JVC” stereo, that the speakers that accompanied the stereo system were also of the brand name “JVC” and were not known by any other name, specifically that they were never known by the name of “Sound Design” or any other name. We readily recognize the variance between the testimony of Mrs. Brown and the indictment as to the description of the allegedly stolen property, other than the rifle, and, if her testimony was the only evidence pertaining to the description of such property, a serious question would be presented as to whether there was a material variance between the indictment and the evidence. However, there was other evidence on the point, more precise and dependable evidence, found in the testimony of Sgt. David Gray of the Phenix City Police Department who investigated the burglary of Mrs. Brown’s residence soon after the burglary occurred and who in his testimony described the stereo system and related items in conformity with an invoice that he said Mrs. Brown “supplied him.” He testified:
“Q. You say that you had an invoice that described the stereo system that was taken. Could you give the ladies and gentlemen of the jury that description, the numbers and the model?
*533 “A. It was a Pioneer Model TL200 Serial No. 20810. There were two sound speakers, Model 0719 and a soundtrack AM/FM Model 1515E; Serial number on that was 102214 ...”
Whatever the explanation for the discrepancy between Mrs. Brown’s description of the particular property in her testimony and the description stated in the indictment, the evidence is undisputed that the stereo system and the related items designated in the indictment were stolen in the mentioned burglary of Mrs. Brown’s residence and that the same property was bought by the defendant and thereafter identified by Mrs. Brown as the property that had been stolen in the burglary of her house. Such fact is established in the testimony of Mrs. Brown on cross-examination:
“Q. Mrs. Brown, I am Bob Faulk [defendant’s attorney], I want to ask you a few questions about that stereo system. You have indicated on direct examination that after it was taken out of your house, the next time that you saw it was at the Phenix City Police Department?
“A. Yes.
“Q. Are you certain of that?
“A. Yes.
“Q. Did you accompany the police over to Columbus, Georgia, and recover the stereo?
“A. I have went over there but I haven’t seen it until we came back that afternoon.
“Q. Did you go with police officers to recover the stereo?
“A. No, I stayed at the police station.”
Furthermore, on redirect examination, the witness testified:
“Q. Just one other question. The stereo system and the gun, where are they today?
“A. They are at my house.”
Appellant is correct in his proposition to the effect that authorities in larceny cases as to the question whether there is a material variance between an indictment and the evidence as to the property alleged to have been stolen are applicable to eases in which the offense charged is receiving stolen property or the like, and we have considered all authorities cited by him. However, we do not find that any of them warrant the conclusion that there was a material variance in the instant case. In most of the cases cited by him, the court on appeal concluded that there was no material variance. Smith v. State, 30 Ala.App. 158, 2 So.2d 341, held that there was a material variance between the allegation in charging a theft of a cow and the proof showing the theft of a bull. However, this is a far cry from a bull or cow case. We follow and repeat as applicable here what was held in Green v. State, Ala.Cr.App., 377 So.2d 4, 7-8 (1979) as follows:
“While there was a variance between the pleading and proof in this case, we do not think that it was harmful to the defendant. For a variance to be material, it must be such as to be misleading or substantially injurious to the accused in making his defense. Blackmon v. State, 46 Ala.App. 274, 276, 240 So.2d 696, cert. denied, 286 Ala. 733, 240 So.2d 699 (1970). “Here, the indictment , was sufficient (1) to identify the charge lest the defendant be tried for an offense different from that intended by the grand jury, (2) to enable the defendant to prepare for his defense, (3) to protect the defendant against the probability of being twice put in jeopardy for the same offense, and (4) to enable the court, after conviction to pronounce judgment on the record. Sanders [v. State] 289 Ala. [224] at 228, 266 So.2d 802.”
Appellant’s next contention for reversal is based on the testimony of the victim of the theft that the Winchester rifle that was taken from her bedroom during the mentioned burglary was “her boyfriend’s gun” and she did not identify her boyfriend by name. To agree with this contention would require us to ignore, as appellant has apparently done, Code 1975, § 13A-8-l(8), which states:
“Owner. A person, other than the defendant, who has possession of or any other interest in the property involved, *534 even though that interest or possession is unlawful, and without whose consent the defendant has no authority to exert control over the property.”
In the third and last issue presented by appellant, he contends that the trial court erred in “overruling Defendant’s objection to the testimony of Gloria Brown as to the value of the stereo system.” The ruling of the trial court complained of by appellant is to be found in the following part of Mrs. Brown’s testimony:
“Q. Did you purchase the stereo system, Mrs. Brown?
“A. No it was a gift.
“Q. Do you know what the value of that stereo system was?
“A. Yes.
“Q. What was the value of it?
“MR. PAULK: We object to that, if it please the Court.
“MR. DAVIS: She is the owner of the property.
“THE COURT: Overruled.
“MR. PAULK: She said it was a gift.
“THE COURT: Overruled.
“Q. What was the value of the property?
“A. 700.
“Q. $700.00?
“A. Yes.
“Q. How old was that stereo?
“A. A year.
“Q. Was it in operating condition?
“A. Yes, it was.
“Q. To your knowledge was it damaged in any way?
“A. No.
“Q. When you say $700.00, you mean that the receiver, the speakers and the turn table were all worth a total of $700.00?
“A. It was a total of 700 in all.”
The appellant “concedes that in general the ownership of personal property qualifies the owner to testify to the value of such items. Alexiou v. Christie [Christu, 285 Ala. 346, 232] 237 So.2d 595 (1970).” However, appellant contends as he did in the trial court, though slightly, that the fact that the witness had testified that the stereo was a gift to her disqualified her to testify as the owner of the property as to its value. We do not agree. Ownership as a qualification to testify as to the value of property is unqualified and not limited to ownership by purchase. Furthermore, the quoted interjection of defendant’s counsel did not constitute a valid ground of objection. It was at its best a mere general objection and was devoid of any ground to the effect that a proper predicate had not been laid for the witness to testify as to the reasonable value of the particular property. In addition, we should note that in order for the property to be the subject of the offense of receiving stolen property in the second degree, of which offense defendant was charged and convicted, the required value of the property is any value between $100.00 and $1,000.00. No serious contention can be made that the value of the property stolen was not within such limits.
No issue presented by appellant convinces us that the trial court committed any error prejudicial to defendant. Its judgment should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.